# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| RUNITONETIME LLC, *et al.*, | Case No. 25-90191 (ARP) |
| Debtors.[1] | (Joint Administration Requested) |

## EMERGENCY MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) EXTENDING THE TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, STATEMENTS OF FINANCIAL AFFAIRS, AND 2015.3 REPORTS; AND (II) GRANTING RELATED RELIEF

> **Emergency relief has been requested. Relief is requested not later than 1:00 p.m. (prevailing Central Time) on July 15, 2025.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on July 15, 2025, at 1:00 p.m. (prevailing Central Time) in Courtroom 404, 4th floor, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Perez's conference room number is 282694. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Perez's homepage. The meeting code is "JudgePerez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Perez's homepage. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1] A complete list of the Debtors in the Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RunItOneTime/. The Debtors' mailing address is 12530 NE 144th Street, Kirkland, Washington 98304.

The above-captioned debtors in possession (collectively, the "***Debtors***") respectfully state as follows in support of this motion (this "***Motion***"):

## RELIEF REQUESTED

1. By this Motion, the Debtors seek entry of an order, (the "***Proposed Order***"), substantially in the form attached hereto: (a) extending the deadline by which the Debtors must file (i) schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "***Schedules and Statements***") and (ii) initial reports of financial information (the "***2015.3 Reports***") in respect of entities in which their estates hold a controlling interest as set forth in Bankruptcy Rule 2015.3, in each case, to and including September 11, 2025, which is 59 days from the Petition Date (as defined below), without prejudice to the Debtors' ability to request additional extensions for cause shown under the procedure described herein; and (b) granting related relief.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of Texas (the "***Court***") has jurisdiction to consider this Motion under 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code (the "***Bankruptcy Code***"), rules 1007(c), 2015.3, and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "***Bankruptcy Local Rules***"), and the Procedures for Complex Cases in the Southern District of Texas.

## BACKGROUND

4. On the date hereof (the "***Petition Date***"), the Debtors each commenced with the Court a voluntary case (the "***Chapter 11 Cases***") under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in the Chapter 11 Cases.

5. Contemporaneously with the filing of the Motion, the Debtors filed a motion requesting joint administration of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

6. The Debtors are a privately held gaming and entertainment company focused on acquiring undervalued gaming assets and implementing operational changes to improve profitability. The Debtors own and operate a portfolio of casinos, card rooms, hotels, and other gaming- and hospitality-related assets across Washington State, Nevada, and Colorado, including 17 card rooms in Washington State and several casinos and hotels in Nevada and Colorado, reflecting a total of approximately 2,500 slot machines, 320 table games, 1,200 hotel rooms, and 30 restaurants. The Debtors' operating businesses also include the EGads! fabrication and installation business, a gaming and hospitality industry leader in the design, fabrication, assembly and installation of casino interiors, custom signage, lighting, and architectural treatments, and the Utah Trailways charter company, which facilitates customer gaming excursions from Salt Lake City, Utah, to the Debtors' operating properties in Wendover, Nevada.

7. The factual background regarding the Debtors, including their business, their capital structure, and the events leading to the commencement of the Chapter 11 Cases is set forth

in the *Declaration of Jeff Seery in Support of Chapter 11 Petitions and First Day Relief* (the "**First Day Declaration**"), filed contemporaneously herewith and incorporated herein by reference.[2]

## BASIS FOR RELIEF

8. The requirements of section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) ordinarily require a debtor to file its Schedules and Statements within 14 days after the petition date. Pursuant to Bankruptcy Rules 1007(c) and 9006(b), the Court has authority to extend the time required for filing of the Schedules and Statements "for cause."

9. As to the 2015.3 Reports, Bankruptcy Rule 2015.3(a) requires a debtor to file periodic financial reports disclosing its financial interests in entities in which it holds a substantial or controlling interest. These 2015.3 Reports must be filed no later than seven days before the first day set for the meeting of creditors under Section 341 of the Bankruptcy Code. Fed. R. Bankr. P. 2015.3(b). The Court, however, is authorized to grant a debtor an extension "for cause" pursuant to Bankruptcy Rule 2015.3(d).

10. Good and sufficient cause exists for granting an extension of time to file the Schedules and Statements and 2015.3 Reports. The ordinary operation of the Debtors' business requires the Debtors to maintain voluminous books, records, and complex accounting systems. Additionally, certain of the Debtors' accounts are not ordinarily reconciled until after the subsequent month-end. To prepare the Schedules and Statements and 2015.3 Reports, the Debtors must compile information from those books and records, and from documents relating to the claims of their thousands of creditors, including their customers, and the Debtors' many assets and contracts. This information is extensive and located in numerous places throughout the Debtors' organization. The Debtors' assets are also held in various locations throughout the United States.

---

[2] Capitalized terms used but not defined herein have the meanings given to them in the First Day Declaration.

Collecting the necessary information requires an enormous expenditure of time and effort on the part of the Debtors, their employees, and their professional advisors in the near term.

11. Prior to the Petition Date, the Debtors focused on preparing for the chapter 11 filings, preparing the business to transition into chapter 11, and negotiating with certain stakeholders and other parties in interest. Although the Debtors have commenced the process that will enable them to prepare and finalize the Schedules and Statements and 2015.3 Reports, and are working diligently to move the process forward, the Debtors anticipate that they may require up to September 11, 2025 (45) additional days to complete the Schedules and Statements and file 2015.3 Reports for a total of 59 days after the Petition Date.

12. The Debtors submit that the extensive amount of information that must be assembled and compiled, the multiple places where the information is located, and the hundreds of employee and professional hours required to complete the Schedules and Statements and 2015.3 Reports constitute good and sufficient cause for granting the requested extension of time. Moreover, an extension will not harm creditors or other parties in interest because, even under the extended deadline, the Debtors will file the Schedules and Statements in advance of any deadline for filing proofs of claim in these Chapter 11 Cases.

13. Accordingly, the Debtors respectfully request that the Court extend the time for filing the Schedules and Statements and 2015.3 Reports to September 11, 2025, without prejudice to the Debtors' right to request further extensions, for cause shown.

**EMERGENCY CONSIDERATION**

14. The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Local Rule 9013-1. As described in detail above and in the First Day Declaration, immediate and irreparable harm would result if the relief requested herein is not granted. Moreover, the Motion requests relief from procedural rules and requirements that pertain to

5

matters of immediate significance.  Accordingly, the Debtors submit that emergency consideration is necessary and respectfully request that this Motion be heard on an emergency basis.

## NOTICE

15. Notice of the Motion will be given to:  (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel to the Ad Hoc Group and Backstop Parties; (c) counsel to the Prepetition Agent; (d) the creditors listed on the Debtors' consolidated list of 30 creditors holding the largest unsecured claims; (e) the Gaming Regulators; (f) the United States Attorney for the Southern District of Texas; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

16. A copy of this Motion is available on (a) the Court's website, at www.txs.uscourts.gov, and (b) the website maintained by the Debtors' proposed Claims and Noticing Agent, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/RunItOneTime/.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: July 14, 2025  
       Houston, Texas

Respectfully submitted,

/s/ Timothy A. ("Tad") Davidson II
**HUNTON ANDREWS KURTH LLP**
("Tad") Davidson II (Texas Bar No. 24012503)
Ashley L. Harper (Texas Bar No. 24065272)
Philip M. Guffy (Texas Bar No. 24113705)
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone:  (713) 220-4200
Email:  taddavidson@hunton.com
        ashleyharper@hunton.com
        pguffy@hunton.com

- and -

**LATHAM & WATKINS LLP**
Jeffrey E. Bjork (*pro hac vice* pending)
Helena G. Tseregounis (*pro hac vice* pending)
Nicholas J. Messana (California Bar No. 332355)
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone:  (213) 485-1234
E-mail:  jeff.bjork@lw.com
        helena.tseregounis@lw.com
        nicholas.messana@lw.com

- and -

**LATHAM & WATKINS LLP**
Ray C. Schrock (NY Bar No. 4860631)
Andrew Sorkin (NY Bar No. 4597944)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
E-mail: ray.schrock@lw.com
       andrew.sorkin@lw.com

*Proposed Attorneys for the Debtors and Debtors in Possession*

7

## CERTIFICATE OF SERVICE

I certify that on July 14, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

<u>*/s/ Timothy A. ("Tad") Davidson II*</u>
Timothy A. ("Tad") Davidson II