**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

```
------------------------------------------------------------ x
                                                             :
In re:                                                       :   Chapter 11
                                                             :
RUNITONETIME LLC, et al.,                                    :   Case No. 25-90191 (ARP)
                                                             :
         Debtors.¹                                           :   (Joint Administration Requested)
                                                             :
------------------------------------------------------------ x
```

**EMERGENCY MOTION OF DEBTORS
FOR ENTRY OF AN ORDER (I) AUTHORIZING
THE DEBTORS TO FILE A CONSOLIDATED CREDITOR
MATRIX AND LIST OF THE 30 LARGEST UNSECURED CREDITORS;
(II) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONALLY
IDENTIFIABLE INFORMATION; (III) APPROVING THE FORM AND MANNER
OF NOTICE OF COMMENCEMENT; AND (IV) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than 1:00 p.m. (prevailing Central Time) on July 15, 2025.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on July 15, 2025, at 1:00 p.m. (prevailing Central Time) in Courtroom 404, 4th floor, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Perez's conference room number is 282694. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Perez's homepage. The meeting code is "JudgePerez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Perez's homepage. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1] A complete list of the Debtors in the Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RunItOneTime/. The Debtors' mailing address is 12530 NE 144th Street, Kirkland, Washington 98304.

The above-captioned debtors in possession (collectively, the "***Debtors***") respectfully state as follows in support of this motion (this "***Motion***"):

## RELIEF REQUESTED

1. By this Motion, the Debtors seek entry of an order (the "***Proposed Order***"), substantially in the form attached hereto:

    i. authorizing the Debtors to file a consolidated creditor matrix and list of the 30 largest unsecured creditors in lieu of submitting separate mailing matrices and creditor lists for each Debtor;

    ii. authorizing the Debtors to redact certain personally identifiable information from documents (including from such top 30 unsecured creditor list, creditor matrix, schedules of assets and liabilities and statements of financial affairs, and other papers) to be filed with the Court in the Chapter 11 Cases;

    iii. approving the form and manner of notice of commencement, the form of which is attached as <u>Exhibit 1</u> to the Proposed Order; and

    iv. granting related relief.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of Texas (the "***Court***") has jurisdiction to consider this Motion under 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are sections 105(a), and 107(b), and 107(c)(1) of title 11 of the United States Code (the "***Bankruptcy Code***"), rules 1007, 2002, and 9007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), rules 9013-1 and 9037-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "***Bankruptcy Local Rules***"), and the Procedures for Complex Cases in the Southern District of Texas (the "***Complex Case Procedures***").

**BACKGROUND**

4. On the date hereof (the "***Petition Date***"), the Debtors each commenced with the Court a voluntary case (the "***Chapter 11 Cases***") under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in the Chapter 11 Cases.

5. Contemporaneously with the filing of the Motion, the Debtors filed a motion requesting joint administration of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

6. The Debtors are a privately held gaming and entertainment company focused on acquiring undervalued gaming assets and implementing operational changes to improve profitability. The Debtors own and operate a portfolio of casinos, card rooms, hotels, and other gaming- and hospitality-related assets across Washington State, Nevada, and Colorado, including 17 card rooms in Washington State and several casinos and hotels in Nevada and Colorado, reflecting a total of approximately 2,500 slot machines, 320 table games, 1,200 hotel rooms, and 30 restaurants. The Debtors' operating businesses also include the EGads! fabrication and installation business, a gaming and hospitality industry leader in the design, fabrication, assembly and installation of casino interiors, custom signage, lighting, and architectural treatments, and the Utah Trailways charter company, which facilitates customer gaming excursions from Salt Lake City, Utah, to the Debtors' operating properties in Wendover, Nevada.

7. The factual background regarding the Debtors, including their business, their capital structure, and the events leading to the commencement of the Chapter 11 Cases is set forth

in the *Declaration of Jeff Seery in Support of Chapter 11 Petitions and First Day Relief* (the "***First Day Declaration***"), filed contemporaneously herewith and incorporated herein by reference.[2]

## BASIS FOR RELIEF

### I. A Consolidated Creditor Matrix Is Warranted.

8. Pursuant to Bankruptcy Rule 1007(a)(1), a debtor "shall file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H as prescribed by the Official Forms." Fed. R. Bankr. P. 1007(a)(1). Although the list of creditors usually is filed on a debtor-by-debtor basis, in a complex chapter 11 bankruptcy involving more than one debtor in the Southern District of Texas, the filing of a consolidated creditor matrix by the lead Debtor is consistent with the Complex Case Procedures. Here, the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, administratively burdensome, and of little incremental benefit (if any). Accordingly, the Debtors respectfully request authority to file one consolidated list of creditors (the "***Creditor Matrix***") for all of the Debtors on the lead case docket instead of uploading a text file for each case to avoid duplicate notice.

### II. A Consolidated List of 30 Largest General Unsecured Creditors Is Warranted.

9. Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d). Because a large number of creditors may be shared amongst the Debtors, the Debtors request authority to file a single, consolidated list of their 30 largest general unsecured creditors (the "***Top 30 List***"). The Top 30 List will help alleviate administrative burdens, costs, and the possibility of duplicative service. Granting this relief is consistent with

---

[2] Capitalized terms used but not defined herein have the meanings given to them in the First Day Declaration.

Section F of the Complex Case Procedures, which require the lead Debtor to "file a single, consolidated list of unsecured creditors on Official Form 204 consisting of the 30 largest unsecured creditors of all jointly administered debtors." Although the Debtors reserve the right to do so in the future, in this Motion, the Debtors are not requesting authority to file consolidated schedules of assets and liabilities and statements of financial affairs or to substantively consolidate the Debtors.

**III.     Redaction of Individuals' Personal Identifying Information Is Appropriate.**

10. Section 107(c)(1) of the Bankruptcy Code provides that the Court:

for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

(A)     [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under [the Bankruptcy Code].

(B)     [o]ther information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1); see also BLR 9013-1(b) (acknowledging that "[c]ertain documents are routinely redacted to remove personal identifying information or other content that is not relevant to a decision by the Court," and, "[i]n those instances," provides that "(i) the document may be filed in redacted form only; (ii) no document should be filed that contains the redacted information; and (iii) the balance of this Rule 5003-1 [sic] does not apply.").

11. As set forth in section 107(c), Congress has recognized the importance of protecting the identities and privacy of individuals who have dealings with debtors by specifically authorizing the Court to shield the "means of identification" and "[o]ther information" if "disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual." Accordingly, it is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in the Chapter 11 Cases, including the Creditor Matrix and the schedules of assets

5

and liabilities and statements of financial affairs (the "**Schedules and Statements**"), the personally identifiable information of any natural person because, among other reasons, the publication of such information may violate United States privacy laws and could be used to perpetrate identify theft or phishing scams or to harass or stalk such individuals, exposing the Debtors to potential civil liability and significant financial penalties.

12. The disclosure of individuals' personal information, including names and home and email addresses, has the potential to result in significant harms to such individuals, including stalking and harassment from former partners and phishing and other scams perpetrated by malicious actors.[3] Accordingly, to mitigate the risk of such harms, numerous courts have authorized the same or similar relief requested herein, including this Court,[4] the United States Bankruptcy Court for the District of Delaware,[5] and the United States Bankruptcy Court for the Southern District of New York.[6]

13. In addition, certain states and foreign countries have enacted data privacy and protection laws and regulations that protect against the collection and disclosure of personal information. For example, states such as Texas, California, and Colorado have recently passed

---

[3] This risk in relation to section 107(c)(1) of the Bankruptcy Code is not speculative and has manifested in chapter 11 cases. For example, in a recent case, customers of a cryptocurrency company received phishing emails from purported legal advisors of the debtors. *See In re Celsius Network LLC*, No. 22-10964 (MG) (Bankr. S.D.N.Y. Nov. 30, 2022) [ECF No. 1527]. In another instance, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the bankruptcy case to track the employee at her new address, which had not been publicly available until then, forcing the employee to change addresses again. *See In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019) [ECF No. 4].

[4] *See, e.g.*, *In re Wolfspeed, Inc.*, No. 25-90163 (CML) (Bankr. S.D. Tex. July 1, 2025) [ECF No. 61]; *In re Cutera, Inc.*, No. 25-90088 (ARP) (Bankr. S.D. Tex. Mar. 6, 2025) [ECF No. 78]; *In re DocuData Solutions, L.C.*, No. 25-90023 (CML) (Bankr. S.D. Tex. Mar. 4, 2025) [ECF No. 56]; *In re The Container Store Group, Inc.*, No. 24-90627 (ARP) (Bankr. S.D. Tex. Dec. 23, 2024) [ECF No. 73].

[5] *See, e.g.*, *In re Art Van Furniture, LLC*, No. 20-10533 (CSS) (Bankr. D. Del. Mar. 10, 2020) [ECF No. 78]; *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Feb. 4, 2020) [ECF No. 155].

[6] *See, e.g.*, *In re Spirit Airlines, Inc.*, No. 24-11988 (SHL) (Bankr. S.D.N.Y. Dec. 4, 2024) [ECF No. 153]; *In re 2U, Inc.*, No. 24-11279 (MEW) (Bankr. S.D.N.Y. July 30, 2024) [ECF No. 40]; *In re Acorda Therapeutics, Inc.*, No. 24-22284 (DSJ) (Bankr. S.D.N.Y. Apr. 24, 2024) [ECF No. 85].

data protection laws that impose operational requirements on companies operating within those states to take steps to protect against the disclosure of certain personal information, and similar legislation has been introduced in Washington. Violations of these laws can result in significant civil penalties. The United Kingdom and the European Union also have enacted General Data Protection Regulations that limit or restrict the disclosure of personal information and levy severe fines and penalties for violations.

14. Given the significant risks to the privacy and safety of individual parties in interest and of legal or regulatory action against the Debtors, allowing the Debtors to redact the personal information of individuals who have been drawn into the Chapter 11 Cases through no choice of their own is appropriate and warranted.

15. Upon a request to the Debtors (email being sufficient) or to the Court that is reasonably related to the Chapter 11 Cases, the Debtors propose to provide an unredacted version of the Top 30 List, Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to the Proposed Order to (a) the Court, (b) the Office of the United States Trustee for the Southern District of Texas (the "*U.S. Trustee*"), (c) counsel to any official committee appointed in the Chapter 11 Cases, and (d) any party in interest. Further, in the event a party in interest is required by the Bankruptcy Rules to serve the entire Creditor Matrix, such party may request that the Debtors direct their proposed claims and noticing agent to provide service to any creditor whose information is redacted on the Creditor Matrix, and the Debtors shall promptly give such direction.

**IV.   Service of the Notice of Commencement of the Chapter 11 Cases.**

16. Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: the meeting of creditors under § 341 or § 1104(b) of the Code."

Fed. R. Bankr. P. 2002(a). Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors. *See* Fed. R. Bankr. P. 2002(f).

17. Through Kroll Restructuring Administration LLC, the Debtors' proposed noticing, claims, and solicitation agent (the "***Noticing and Claims Agent***"), the Debtors propose to serve the notice of commencement, substantially in the form attached as Exhibit 1 to the Proposed Order (the "***Notice of Commencement***"), on all parties listed on the Creditor Matrix to advise them of the meeting of creditors under section 341 of the Bankruptcy Code. Service of the Notice of Commencement on the Creditor Matrix will not only avoid confusion among creditors but will prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' Creditor Matrix. The Debtors submit that service of the Notice of Commencement, as proposed herein, is warranted.

18. In addition, the Debtors propose to publish, within seven (7) days after entry of the proposed Order or as soon as practicable thereafter, the Notice of Commencement once in a national publication. The Debtors submit that publication of the Notice of Commencement in the manner set forth herein is the most practical method by which to notify those creditors and other parties in interest who do not receive the Notice of Commencement by mail of the commencement of the Chapter 11 Cases and constitutes an efficient use of the estates' resources.

**EMERGENCY CONSIDERATION**

19. The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Local Rule 9013-1. As described in detail above and in the First Day Declaration, immediate and irreparable harm would result if the relief requested herein is not granted. Moreover, the Motion requests relief from procedural rules and requirements that pertain to

8

matters of immediate significance. Accordingly, the Debtors submit that emergency consideration is necessary and respectfully request that this Motion be heard on an emergency basis.

## NOTICE

20. Notice of the Motion will be given to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel to the Ad Hoc Group and Backstop Parties; (c) counsel to the Prepetition Agent; (d) the creditors listed on the Debtors' consolidated list of 30 creditors holding the largest unsecured claims; (e) the Gaming Regulators; (f) the United States Attorney for the Southern District of Texas; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

21. A copy of this Motion is available on (a) the Court's website, at www.txs.uscourts.gov, and (b) the website maintained by the Debtors' proposed Claims and Noticing Agent, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/RunItOneTime/.

[*Remainder of page intentionally left blank.*]

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: July 14, 2025
Houston, Texas

Respectfully submitted,

/s/ Timothy A. ("Tad") Davidson II
**HUNTON ANDREWS KURTH LLP**
Timothy A. ("Tad") Davidson II (Texas Bar No. 24012503)
Ashley L. Harper (Texas Bar No. 24065272)
Philip M. Guffy (Texas Bar No. 24113705)
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone: (713) 220-4200
Email: taddavidson@hunton.com
ashleyharper@hunton.com
pguffy@hunton.com

- and -

**LATHAM & WATKINS LLP**
Jeffrey E. Bjork (*pro hac vice* pending)
Helena G. Tseregounis (*pro hac vice* pending)
Nicholas J. Messana (California Bar No. 332355)
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
E-mail: jeff.bjork@lw.com
helena.tseregounis@lw.com
nicholas.messana@lw.com

- and -

**LATHAM & WATKINS LLP**
Ray C. Schrock (NY Bar No. 4860631)
Andrew Sorkin (NY Bar No. 4597944)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
E-mail: ray.schrock@lw.com
andrew.sorkin@lw.com

*Proposed Attorneys for the Debtors and Debtors in Possession*

**CERTIFICATE OF SERVICE**

I certify that on July 14, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

*/s/ Timothy A. ("Tad") Davidson II*
Timothy A. ("Tad") Davidson II
