IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---------------------------------------------------------- x
: 
In re: : Chapter 11
: 
RUNITONETIME LLC, *et al.*, : Case No. 25-90191 (ARP)
: 
Debtors.[1] : (Jointly Administered)
: 
---------------------------------------------------------- x

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY
CERTAIN EMPLOYEE COMPENSATION AND BENEFITS AND (B) CONTINUE
SUCH BENEFITS AND OTHER EMPLOYEE-RELATED PROGRAMS;
(II) MODIFYING THE AUTOMATIC STAY WITH RESPECT TO
WORKERS' COMPENSATION CLAIMS; AND (III) GRANTING RELATED RELIEF**
**[RELATES TO DOCKET NO. 3]**

Upon the emergency motion (the "***Motion***")[2] of the Debtors for entry of an order (this "***Order***") (i) authorizing, but not directing, the Debtors to (a) pay or satisfy, in their discretion, the Employee Obligations, and (b) maintain and continue postpetition, in the ordinary course of business, the Employee Programs; (ii) modifying the automatic stay to allow Workers' Compensation Claims to proceed under the applicable Workers' Compensation Policy; and (iii) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed the Motion and the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that

---

[1] A complete list of the Debtors in the Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RunItOneTime/. The Debtors' mailing address is 12530 NE 144th Street, Kirkland, Washington 98304.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary, except as set forth in the Motion with respect to entry of this Order; and upon the record herein; and after due deliberation thereon; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Debtors are authorized but not directed, in their discretion and business judgment, and in the ordinary course consistent with the Debtors' prepetition practices and the terms of this Order, to (a) pay or otherwise honor all Employee Obligations, *provided* that the Debtors are not authorized to pay any prepetition or postpetition bonus, severance, or retention obligations to any insiders without further order of the Court; (b) honor, continue, and renew their programs, policies, and practices with respect to the Employees and other persons employed by the Debtors, including the Employee Obligations and the Director Compensation that were in effect as of the Petition Date, in the ordinary course of business, and in the same manner and on the same basis as the Debtors honored and continued such programs, policies, and practices before the Petition Date; and (c) withhold all federal, state, and local taxes relating to the Employee Compensation Obligations and the Employee Benefit Obligations as required by applicable law.

2.  The Debtors are authorized to pay any and all Payroll Taxes including, but not limited to, all local, state, and federal withholding and payroll-related taxes, social security taxes, Medicare taxes, or similar taxes related to the Employee Obligations, whether withheld from

Employees' wages or paid directly by the Debtors to governmental entities and whether such taxes relate to the period before or after the Petition Date.

3. The Debtors are authorized, but not directed, to continue the Employee Incentive Programs on a postpetition basis in the ordinary course of business, and in each case to pay any accrued amounts thereunder as they become due; provided nothing herein shall be deemed to authorize the Debtors to cash out or set off unpaid PTO obligations, except upon termination of an Employee to the extent required by applicable non-bankruptcy law.

4. With respect to non-insider Employees, before honoring any prepetition Employee Compensation Obligations that exceed the priority amounts set forth in sections 507(a)(4) and (a)(5) of the Bankruptcy Code for any Employees, the Debtors shall provide five (5) business days advance notice to the U.S. Trustee and any statutory committee appointed in these chapter 11 cases which identifies (a) the title of the Employee, (b) the amount of the payment to such Employee, and (c) the proposed payment date. If no objection is made within the notice period, the Debtors are hereby authorized, but not directed, to pay any prepetition Employee Obligations owed to non-Insider Employees that may be in excess of the statutory cap set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

5. Nothing herein shall be deemed to authorize the Debtors to make any payment that violates section 503(c) of the Bankruptcy Code during the Chapter 11 Cases; *provided that,* the Debtors may seek approval of any payments to insiders under the Employee Incentive Programs, Severance Benefits, or any retention program, by separate motion.

6. The Debtors are authorized, but not directed, to continue their Workers' Compensation Policies and to pay or set off any outstanding prepetition claims, taxes, charges, assessments, premiums, and third-party administrator fees arising under the Workers'

Compensation Policies and or programs in which they participate. In addition, the Debtors are authorized, in their discretion and reasonable business judgment, (a) to agree to modify the automatic stay of section 362 of the Bankruptcy Code, without further order of this Court, (i) to allow Workers' Compensation Claims to proceed under the applicable Workers' Compensation Policies and (ii) to allow the Debtors' insurance providers or third party-administrators to negotiate, settle, or litigate Workers' Compensation Claims, and (b) to pay resulting amounts, whether such claims arose before or after the Petition Date.

7. Any authorization under this Order to pay, and the payment of, any amounts on account of the Employee Obligations shall not affect the Debtors' right to contest the amount or validity of any of the Employee Obligations including, without limitation, any amounts that may be due to any taxing authority.

8. The Debtors are authorized, but not directed, to continue the Employee Programs in the ordinary course of business during the Chapter 11 Cases and without the need for further Court approval, subject to applicable law.

9. Notwithstanding anything to the contrary in the Motion or this Order, the Debtors retain their right to, in their discretion and reasonable business judgment, (a) modify, change, and discontinue any program, policy, or practice with respect to the Employee Programs and the Employee Obligations and (b) implement new programs, policies, and practices with respect to the Employee Programs and Employee Obligations during the Chapter 11 Cases without the need for further Court approval to the extent such action is authorized by applicable law; *provided*, *however*, that the Debtors, in consultation with the Backstop Parties, shall seek Court approval, on notice, of any modification that would implicate any portion of section 503(c) of the Bankruptcy Code.

10. The Debtors shall maintain a matrix/schedule of amounts paid related to the Employee Obligations, made pursuant to this Order, including the following information: (a) the names of the payee; (b) the date and amount of the payment; (c) the category or type of payment, as further described and classified in the Motion; and (d) the Debtor or Debtors that made the payment. On the last business day of each month and ending upon entry of an order confirming a plan or dismissing or converting the Chapter 11 Cases, the Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee, counsel to the Ad Hoc Group and Backstop Parties, and any statutory committee appointed in the Chapter 11 Cases covering all payments made pursuant to this Order during the prior month.

11. The Debtors will provide notice to the U.S. Trustee and any statutory committee of any material, company-wide changes to Employee compensation and benefits or of any new programs, policies, and benefits.

12. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in the Motion or this Order shall create any rights in favor of, or enhance, limit, or change the status of any claim held by, any Employee or other person.

13. The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors to the extent that sufficient funds are on deposit in available funds in the applicable bank accounts to cover such payments. The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

14. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Chapter 11 Cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Order.

15. Nothing in the Motion or this Order, or any payment made pursuant to this Order, is intended to be or shall be deemed as (a) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors; (b) a waiver or limitation of the Debtors' or any other party in interest's right to dispute the amount of, basis for, or validity of any claim; (c) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law; (d) a waiver of the obligation of any party in interest to file a proof of claim; (e) a promise or requirement to pay any particular claim; (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (h) an admission that any lien satisfied pursuant to the Motion is valid (and all rights to contest the extent, validity, or perfection or seek avoidance of all such liens are expressly reserved); or (i) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code. Any payment made pursuant to this Order is not, nor shall it be, construed as an admission to the validity of any claim or waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

16. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

17. Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

18. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

19. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

20. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: July 15, 2025

_____
Alfredo R Pérez
United States Bankruptcy Judge