IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------ x
: 
In re: : Chapter 11
: 
RUNITONETIME LLC, *et al.*, : Case No. 25-90191 (ARP)
: 
Debtors.[1] : (Jointly Administered)
: 
------------------------------------------------------------ x

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF (A) CRITICAL VENDORS, (B) 503(B)(9) CLAIMANTS,(C) LIEN CLAIMANTS, AND (D) PACA/PASA CLAIMANTS; (II) CONFIRMING ADMINISTRATIVE EXPENSE PRIORITY; (III) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS; AND (IV) GRANTING RELATED RELIEF**
**[RELATES TO DOCKET NO. 9]**

Upon the emergency motion (the "***Motion***")[2] of the Debtors for entry of an interim order (this "***Interim Order***") (i) authorizing, but not directing, the Debtors to pay the prepetition Essential Claims in the ordinary course of business, (ii) confirming the administrative priority of the Outstanding Orders, (iii) authorizing financial institutions to honor and process related checks and transfers, and (iv) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that

---

[1] A complete list of the Debtors in the Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RunItOneTime/. The Debtors' mailing address is 12530 NE 144th Street, Kirkland, Washington 98304.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

proper and adequate notice of the Motion has been given and that no other or further notice is necessary, except as set forth in the Motion with respect to entry of this Interim Order with respect to notice of the final hearing; and upon the record herein; and after due deliberation thereon; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, to pay, or cause to be paid, all or part of, and discharge, on a case-by-case basis, the undisputed prepetition Essential Claims described in the Motion (including, but not limited to, the Critical Vendor Claims, 503(b)(9) Claims, Lien Claims, and PACA/PASA Claims) in the ordinary course of business and consistent with their past practices; *provided, however* that payments pursuant to this Interim Order shall not in the aggregate exceed (i) $1.0 million (exclusive of any amounts attributable to 503(b)(9) Claims or PACA/PASA Claims) to Critical Vendors, (ii) $500,000 to 503(b)(9) Claimants, and (iii) $500,000 to PACA/PASA Claimants. In the event the Debtors believe that a particular payment to the Essential Creditors will cause them to exceed these amounts during the interim period, the Debtors shall file a notice with the Court describing the category and overage amount before making any further payments. If no objections are filed with the Court and served on the Debtors and their counsel within five business days, such overage shall be authorized to be paid.

2.      The Debtors may require, as a condition to receiving payment on account of any Essential Claims set forth above, that Essential Creditors (a) agree to continue, or recommence, providing goods or services to the Debtors on terms that are as good as or better than the Customary Trade Terms during the pendency of the Chapter 11 Cases and (b) agree that they shall not be permitted to cancel any contract, agreement, or arrangement pursuant to which they provide such goods or services to the Debtors during the course of the Chapter 11 Cases.  The Debtors may require, in their sole discretion, that the Customary Trade Terms be made in writing, including by email or through a Trade Agreement, as condition to payment.  If, after receiving a payment under this Interim Order, an Essential Creditor ceases to provide Customary Trade Terms, then the Debtors may, in consultation with the Backstop Parties, seek an order from the Court to (a) determine that any payment on a prepetition claim received by such Essential Creditor be an unauthorized voidable postpetition transfer under section 549 of the Bankruptcy Code that the Debtors may recover in cash or goods, or (b) deem such payment to apply instead to any postpetition amount that may be owing to such Essential Creditor.

3.      The Debtors are authorized, but not directed, to undertake appropriate efforts to cause the Essential Creditors to enter into a Trade Agreement with the Debtors substantially similar to the form attached as **Exhibit A** to the Motion.  The Debtors reserve the right to require additional favorable trade terms with any Essential Creditor as a condition to payment of any Essential Claim.

4.      If an Essential Creditor, whether under a Trade Agreement or otherwise, refuses to supply goods or services to the Debtors on Customary Trade Terms following receipt of payment on its Essential Claim or otherwise fails to comply with any Trade Agreement entered into between such Essential Creditor and the Debtors, then the Debtors reserve the right to take any and all actions necessary to return the parties to the positions they held immediately before

entry of this Interim Order with respect to all prepetition claims, including but not limited to: (a) declaring that any Trade Agreement between the Debtors and such Essential Creditor is or should be terminated; (b) in consultation with the Backstop Parties, seeking entry of an order declaring that payments made to such Essential Creditor on account of its Essential Claims shall be deemed to have been made in payment of then-outstanding (or subsequently accruing) postpetition claims of such Essential Creditor; and (c) in consultation with the Backstop Parties, seeking entry of an order directing such Essential Creditor to disgorge any payment made to such Essential Creditor on account of its Essential Claims to the extent that such payments exceed the value of the postpetition claims of such Essential Creditor, without giving effect to any rights of setoff, claims, provision for payment of reclamation or trust fund claims, or other defenses. Nothing herein shall constitute a waiver of the Debtors' rights to seek damages or other appropriate remedies against any breaching Essential Creditor. Notwithstanding anything to the contrary herein, before making any payment pursuant to this Interim Order, the Debtors shall provide such payment recipient with a copy of this Interim Order (unless previously provided).

5. Notwithstanding the foregoing paragraph, the Debtors may reinstate a Trade Agreement if the underlying default thereunder is fully cured by the Essential Creditor following the Debtors' notification to the Essential Creditor that such default has occurred or the Debtors reach a favorable alternative agreement with the Essential Creditor.

6. The amount of each Essential Claim set forth in connection with a Trade Agreement shall be used only for purposes of determining the relevant Essential Claim for purposes of this Interim Order and shall not be deemed a claim allowed by the Court, and the rights of all interested persons to object to the allowance of such claim shall be fully preserved until further order of the Court. Further, an Essential Creditor's receipt of partial payment of its asserted prepetition

claim(s) shall not excuse such Essential Creditor from being required to file a proof of claim in these Chapter 11 Cases or any successor case(s).

7. Before making a payment to an Essential Creditor under this Interim Order, the Debtors may, in their discretion, settle all or some of the prepetition claims of such Essential Creditor for less than their face amount without further notice or hearing.

8. Notwithstanding anything in this Interim Order to the contrary, the Debtors are not authorized to pay claims of "insider[s]" (as that term is defined in section 101(31) of the Bankruptcy Code), employees, or "professional persons" (as that phrase appears in section 327(a) of the Bankruptcy Code) pursuant to this Interim Order. Nothing herein shall impair or prejudice the rights of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") or any other party in interest to object to and seek the return of any payment made pursuant to this Interim Order to an insider of the Debtors, and all rights of the Debtors and the relevant insider are reserved to respond to any such objection. To the extent the Debtors intend to make a payment to an insider or an affiliate of an insider of the Debtors, the Debtors shall, to the extent reasonably practicable, provide three business days' advance notice to, and opportunity to object by the U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases; *provided*, that if any party objects to the payment, the Debtors shall not make such payment without further order of the Court.

9. The Debtors are authorized, but not directed, to pay in the ordinary course of their businesses all undisputed obligations arising from the postpetition delivery or shipment of goods or provision of services under the Outstanding Orders consistent with their customary past practice; *provided*, *however*, that the Debtors retain all rights to cancel any Outstanding Orders in the exercise of their business judgment including, but not limited to, Outstanding Orders related

to business segments that the Debtors and their advisors determine to exit as part of the Debtors' chapter 11 objectives.

10. The Debtors shall maintain a matrix/schedule of amounts directly or indirectly paid, subject to the terms and conditions of this Order, including the following information: (a) the names of the payee; (b) the amount of the payment; (c) the category or type of payment, as further described and classified in the Motion; (d) the Debtor or Debtors that made the payment; and (e) the payment date. On the last business day of each month and ending upon entry of an order confirming a plan or dismissing or converting the Chapter 11 Cases, the Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee, counsel to the Ad Hoc Group and Backstop Parties, and any statutory committee appointed in the Chapter 11 Cases covering all payments made pursuant to this Order during the prior month.

11. The Debtors will ensure that the payments made pursuant to this Interim Order are reflected on their books and records such that they are identifiable as payments made on account of prepetition claims.

12. Prior to the entry of a Final Order, the Debtors shall not pay any obligations under this Interim Order unless they are due or are deemed necessary to be paid in the Debtors' business judgment, in each case with the consent of the Backstop Parties, to ensure the ongoing provision of goods or services or otherwise to avoid an adverse effect on the Debtors' operations.

13. Nothing in the Motion or this Interim Order, nor the Debtors' implementation of the relief granted in this Interim Order, shall be deemed to modify or waive any of the Debtors' rights with respect to goods and services requested or received from the Critical Vendors, including the Debtors' rights to (a) cancel a purchase order, (b) decline the acceptance of goods and/or

services, (c) return any defective, nonconforming or unacceptable goods, or (d) contest the amount of any invoice or claim on any grounds.

14. Nothing in the Motion or this Interim Order, nor the Debtors' implementation of the relief granted in this Interim Order, shall be deemed to modify or waive any of the Debtors' rights with respect to goods and services requested or received from the Essential Creditors, including the Debtors' rights to (a) cancel a purchase order, (b) decline the acceptance of goods and/or services, (c) return any defective, nonconforming or unacceptable goods, or (d) contest the amount of any invoice or claim on any grounds.

15. The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations set forth herein, to the extent that sufficient funds are on deposit in available funds in the applicable bank accounts to cover such payments. The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated before, on, or after the Petition Date, without any duty to inquire otherwise.

16. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Chapter 11 Cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Interim Order.

17. Any party that accepts payment from the Debtors pursuant to this Interim Order is deemed to have voluntarily submitted themselves to the jurisdiction of this Court.

18. Nothing in this Interim Order authorizes or directs the Debtors to accelerate any payments not otherwise due.

19. Nothing in the Motion or this Interim Order, or any payment made pursuant to this Interim Order, is intended to be or shall be deemed as (a) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors; (b) a waiver or limitation of the Debtors' or any other party in interest's right to dispute the amount of, basis for, or validity of any claim; (c) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law; (d) a waiver of the obligation of any party in interest to file a proof of claim; (e) a promise or requirement to pay any particular claim; (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (h) an admission that any lien satisfied pursuant to the Motion is valid (and all rights to contest the extent, validity, or perfection or seek avoidance of all such liens are expressly reserved); or (i) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code.  Any payment made pursuant to this Interim Order is not intended to be and should not be construed as an admission to the validity of any claim or waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

20. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

21. Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Local Rules.

22. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order shall be effective and enforceable immediately upon entry hereof.

23. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Interim Order.

24. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

25. A final hearing on the Motion (the "*Final Hearing*") shall be held on August 6, 2025, at 1:00 p.m., prevailing Central Time. Any objections or responses to entry of the Final Order granting the relief requested in the Motion shall be filed on or before 4:00 p.m., prevailing Central Time, on August 4, 2025. If no objections are timely filed and served, the Court may enter the Final Order without conducting the Final Hearing.

Signed: July 15, 2025

*[signature]*
Alfredo R Pérez
United States Bankruptcy Judge