United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 15, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------ x
: 
In re: : Chapter 11
:
RUNITONETIME LLC, *et al.*, : Case No. 25-90191 (ARP)
:
Debtors.[1] : (Jointly Administered)
:
------------------------------------------------------------ x

### ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION INSURANCE PROGRAM OBLIGATIONS, AND (B) MAINTAIN THE INSURANCE POLICIES POSTPETITION; AND (II) GRANTING RELATED RELIEF
**[RELATES TO DOCKET NO. 5]**

Upon the emergency motion (the "***Motion***")[2] of the Debtors for entry of an order (this "***Order***") (i) authorizing, but not directing, the Debtors to (a) maintain, renew, amend, supplement, replace, or extend the Insurance Programs; and (b) pay any Insurance Obligations; and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed the Motion and the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary, except as set forth in the Motion with respect to entry of this Order; and upon the record herein; and after due deliberation thereon; and all

---

[1] A complete list of the Debtors in the Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RunItOneTime/. The Debtors' mailing address is 12530 NE 144th Street, Kirkland, Washington 98304.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Debtors are authorized, but not directed, to maintain and continue the Insurance Programs in the ordinary course of business.

2. The Debtors are authorized, but not directed, to pay any amounts owed in respect of the Insurance Obligations (including amounts owed to the Insurers, the Brokers, and the Premium Financing Provider), whether arising prepetition or postpetition, in the ordinary course of business.

3. The Debtors are further authorized, but not directed, to honor the terms of the Premium Financing Agreement and pay all obligations thereunder.

4. The Debtors are authorized, but not directed, to renew, replace, modify, extend, or add to the Insurance Programs in the ordinary course of business as needed, including but not limited to entering into new insurance policies, premium financing agreements, broker contracts, surety bonds, and letters of credit through renewal or purchase of new insurance coverage or insurance policies, broker contracts, surety bonds, and letters of credit, or by posting collateral as required by the Insurers, Brokers, or Premium Financing Provider; *provided*, *however*, the Debtors will notify the U.S. Trustee, counsel to the Ad Hoc Group and Backstop Parties, and any statutory committee appointed in these cases if the Debtors materially renew, amend, supplement, modify, extend, terminate, replace, increase, or decrease existing insurance and surety coverage or change

insurance or surety carriers, enter into any new premium financing agreements, or obtain additional insurance or surety coverage.

5. The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations set forth herein, to the extent that sufficient funds are on deposit in available funds in the applicable bank accounts to cover such payments. The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

6. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any person to whom any obligations under the Insurance Programs are owed.

7. The Debtors' banks and financial institutions are authorized to receive, process, honor, and pay all checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts before the Petition Date for the Prepetition Insurance Program Obligations that have not been honored and paid as of the Petition Date (or to reissue checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts, as may be necessary), and are authorized to rely on the Debtors' directions or representations as to which checks, drafts, transfers, or other forms of payment drawn or issued on the Debtors' bank accounts are subject to this Order; *provided* that sufficient funds are on deposit in the applicable bank accounts to cover such payments, and any such banks and financial institutions shall not have any liability to any party for relying on such directions or representations by the Debtors as provided in this Order.

8. The Debtors shall maintain a matrix/schedule of payments made pursuant to this Order, including the following information: (a) the names of the payee; (b) the date and amount of the payment; (c) the category or type of payment, as further described and classified in the Motion. On the last business day of each month and ending upon entry of an order confirming a plan or dismissing or converting the Chapter 11 Cases, the Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee, counsel to the Ad Hoc Group and Backstop Parties, and any statutory committee appointed in the Chapter 11 Cases covering all payments made pursuant to this Order during the prior month.

9. Nothing in the Motion or this Order, or any payment made pursuant to this Order, is intended to be or shall be deemed as (a) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors; (b) a waiver or limitation of the Debtors' or any other party in interest's right to dispute the amount of, basis for, or validity of any claim; (c) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law; (d) a waiver of the obligation of any party in interest to file a proof of claim; (e) a promise or requirement to pay any particular claim; (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (h) an admission that any lien satisfied pursuant to the Motion is valid (and all rights to contest the extent, validity, or perfection or seek avoidance of all such liens are expressly reserved); or (i) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code. Any payment made pursuant to this Order is not, nor shall it be construed as, an admission to the validity of any claim or waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

10. Nothing in this Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

11. Nothing in this Order, nor as a result of any payment made pursuant to this Order, shall be deemed or construed as a waiver of the right of Debtors, or shall impair the ability of Debtors, to contest the validity and amount of any payment made pursuant to this Order.

12. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

13. Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

14. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

15. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied because the relief set forth in this Order is necessary to avoid immediate and irreparable harm.

16. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

17. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Signed: July 15, 2025

_____
Alfredo R Pérez
United States Bankruptcy Judge

# EXHIBIT A

## Insurance Policies[1]

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **INSURANCE POLICIES** | | | | | | | |
| **Policy Named Insured** | **Policy Type** | **Insurance Carrier** | **Coverage Period Start** | **Coverage Period End** | **Policy Number** | **Premium ($)** | **Subject to Premium Financing Agreement** |
| RunItOneTime LLC | Business Auto Coverage | Continental Casualty Company | 9/30/2024 | 9/30/2025 | 7092807752 | 80,000 | Yes |
| RunItOneTime LLC | Commercial Property | Affiliated FM Insurance Company | 9/30/2024 | 9/30/2025 | 1142084 | 430,000 | Yes |
| RunItOneTime LLC | Commercial Property | Lloyds of London | 9/30/2024 | 9/30/2025 | B174016806PC24 | 560,000 | Yes |
| RunItOneTime LLC | Crime Protection | Great American Insurance Company | 9/30/2024 | 9/30/2025 | CAS E292229 08 00 | 75,000 | Yes |
| RunItOneTime LLC | Cyber Coverage | Crum & Forster Specialty Insurance Company | 9/30/2024 | 9/30/2025 | 720002310-0000 | 105,000 | Yes |
| RunItOneTime LLC | Excess Property | Axis Surplus Insurance Company | 9/30/2024 | 9/30/2025 | ECF663606-24 | 70,000 | Yes |
| RunItOneTime LLC | Commercial Property | Gotham Insurance Company | 9/30/2024 | 9/30/2025 | PR202400002239 | 50,000 | Yes |
| RunItOneTime LLC | Commercial Property | Endurance American Specialty Insurance Company | 9/30/2024 | 9/30/2025 | ESP30045855601 | 135,000 | Yes |
| RunItOneTime LLC | Commercial Property | Lexington Insurance Company | 9/30/2024 | 9/30/2025 | 017195234-02 | 170,000 | Yes |
| RunItOneTime LLC | Excess Third Party Liability | Arch Specialty Insurance Company | 9/30/2024 | 9/30/2025 | UXP1056789-00 | 155,000 | Yes |
| RunItOneTime LLC | Excess Liability | Crum & Forster Specialty Insurance Company | 9/30/2024 | 9/30/2025 | SEO-132577 | 145,000 | Yes |
| RunItOneTime LLC | Excess Liability / Catastrophe Liability Policy | Westchester Surplus Lines Insurance Company | 9/30/2024 | 9/30/2025 | G4878219A 001 | 155,000 | Yes |
| RunItOneTime LLC | Commercial Excess Liability | Endurance American Insurance Company | 9/30/2024 | 9/30/2025 | EXC30069633000 | 255,000 | Yes |
| RunItOneTime LLC | Excess Property | Aspen Specialty Insurance Co | 9/30/2024 | 9/30/2025 | ECF675969-24 | 55,000 | Yes |
| RunItOneTime LLC | Commercial Property | Lexington Insurance Company | 9/30/2024 | 9/30/2025 | 017195227-02 | 55,000 | Yes |
| RunItOneTime LLC | Commercial General Liability | Continental Casualty Company | 9/30/2024 | 9/30/2025 | 7092807766 | 1,370,000 | Yes |

---

[1] The workers' compensation and employer liability policies are included in this schedule for the sake of completeness; however, all relief sought by the Debtors in respect thereof is sought pursuant to the Wages Motion.

| RunItOneTime LLC | Kidnap, Ransom & Extortion Policy | Great American Insurance Company | 9/30/2024 | 9/30/2025 | KR E657651 03 00 | 5,000 | Yes |
|---|---|---|---|---|---|---|---|
| RunItOneTime LLC | Sexual Molestation and Emergency Response Liability | Lloyds of London | 10/1/2024 | 10/1/2025 | B0621PMAVE005524 | 75,000 | Yes |
| RunItOneTime LLC | Terrorism Coverage | Lloyds of London | 9/30/2024 | 9/30/2025 | 24N40266AATO75 | 35,000 | Yes |
| RunItOneTime LLC | Excess & Umbrella Liability | The Continental Insurance Company | 9/30/2024 | 9/30/2025 | 7092780388 | 430,000 | Yes |
| RunItOneTime LLC | Workers Compensation and Employers Liability | American Casualty Company of Reading, Pennsylvania | 12/1/2024 | 12/1/2025 | WC 7 94851456 | 170,000 | Yes |
| AG Park Place Investment LLC | Flood Insurance Policy | American Bankers Insurance of Florida | 10/28/2024 | 10/28/2025 | 7407364460 | 1,000 | No |
| Maverick Colorado LLC | Storage Tank Liability | Chubb Insurance Company | 12/12/2024 | 12/12/2025 | G28384403 006 | 10,000 | No |
| Maverick Colorado LLC | Workers Compensation and Employers Liability | Security National Insurance Company | 12/1/2024 | 12/1/2025 | SWC1467623 | 35,000 | No |
| Egads, LLC | Workers Compensation and Employers Liability | National Fire Insurance Company of Hartford | 9/30/2024 | 9/30/2025 | WC 7 40285470 | 65,000 | No |
| Egads, LLC | Commercial General Liability | Valley Forge Insurance Company | 9/30/2024 | 9/30/2025 | 7040285453 | 55,000 | No |
| Egads, LLC | Business Auto Coverage | National Fire Insurance Company of Hartford | 9/30/2024 | 9/30/2025 | 7040285436 | 55,000 | No |
| Egads, LLC | Excess & Umbrella Liability | The Continental Insurance Company | 9/30/2024 | 9/30/2025 | 7040285467 | 55,000 | No |
| RunItOneTime LLC | Workers Compensation and Employers Liability | Technology Insurance Company, Inc | 12/1/2024 | 12/1/2025 | TWC4345305 | 95,000 | Yes |
| Maverick Builds LLC | Commercial General Liability | Western World Insurance Group | 1/15/2025 | 1/15/2026 | NPP8927537 | 20,000 | No |
| Maverick Builds LLC | Commercial Excess Liability | Western World Insurance Group | 1/15/2025 | 1/15/2026 | AN1301807 | 10,000 | No |
| Washington Gaming Inc. | ERISA | Travelers Casualty and Surety Company of America | 6/13/2024 | 6/13/2027 | 106909197 | 500 | No |
| Casino Caravans Inc | Business Auto Coverage | National Indemnity Company | 6/20/2024 | 6/20/2025 | 70 APS 119246-01 | 120,000 | No |
| RunItOneTime LLC | Excess D&O 1st | QBE Specialty | 5/5/2025 | 5/5/2026 | 130009819 | 205,000 | No |
| RunItOneTime LLC | Excess D&O 2nd | Endurance American Specialty Insurance Company | 5/5/2025 | 5/5/2026 | MPX30086880600 | 170,000 | No |