IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------ x
: 
In re: : Chapter 11
: 
RUNITONETIME LLC, *et al.*, : Case No. 25-90191 (ARP)
: 
Debtors.[1] : (Jointly Administered)
: 
------------------------------------------------------------ x

**ORDER (I) PROHIBITING UTILITY COMPANIES FROM
ALTERING OR DISCONTINUING  SERVICE ON ACCOUNT OF
PREPETITION INVOICES; (II) APPROVING THE DEBTORS' PROPOSED
FORM OF ADEQUATE ASSURANCE; (III) ESTABLISHING PROCEDURES FOR
RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL
ASSURANCE OF PAYMENT; AND (IV) GRANTING RELATED RELIEF**
**[RELATES TO DOCKET NO. 8]**

Upon the emergency motion (the "***Motion***")[2] of the Debtors for entry of an order (this "***Order***"): (a) approving the Debtors' proposed assurance of postpetition payment to the Utility Companies; (b) approving the additional assurance procedures described below as the method for resolving disputes regarding adequate assurance of payment to Utility Companies; (c) prohibiting the Utility Companies from altering, refusing, or discontinuing services to, or discriminating against, the Debtors except as may be permitted by the proposed additional assurance procedures; and (d) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed the Motion and the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)

---

[1] A complete list of the Debtors in the Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RunItOneTime/.  The Debtors' mailing address is 12530 NE 144th Street, Kirkland, Washington 98304.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary, except as set forth in the Motion with respect to entry of this Order; and upon the record herein; and after due deliberation thereon; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Adequate Assurance Deposit and the Adequate Assurance Procedures are approved and they are deemed adequate assurance of future payments as required by section 366 of the Bankruptcy Code.

2. The Debtors shall deposit the Adequate Assurance Deposit in the amount of $383,650 into a segregated account for the benefit of the Utility Companies within 20 days after entry of this Order. The Debtors are authorized to cause the Adequate Assurance Deposit to be held in the Utility Deposit Account until the earliest of (a) reconciliation and payment by the Debtors of the Utility Company's final invoice following the Debtors' termination of Utility Services from such Utility Company; (b) the effective date of any chapter 11 plan confirmed in the Chapter 11 Cases; (c) the consummation of a sale, pursuant to section 363 of the Bankruptcy Code, of all or substantially all the assets of the Debtors; or (d) the dismissal of the Chapter 11 Cases.

3. No lien shall encumber the Adequate Assurance Deposit or the Utility Deposit Account.

4. The following Adequate Assurance Procedures are hereby approved::

(a) Except as provided by the Additional Assurance Procedures, the Utility Companies are forbidden to (i) alter, refuse, or discontinue services to, or discriminate against, the Debtors on account of unpaid prepetition invoices or any objections to the Debtors' Adequate Assurance Deposit, or due to the commencement of the Chapter 11 Cases; or (ii) require the Debtors to pay a deposit or other security in connection with the provision of postpetition Utility Services, other than the establishment of the Adequate Assurance Deposit.

(b) The Debtors shall serve on the Utility Companies copies of the Motion and this Order within 2 business days after the entry hereof.

(c) The Adequate Assurance Deposit shall be placed into the Utility Deposit Account within 20 days after the entry of this Order. The funds in the Utility Deposit Account shall constitute adequate assurance for each Utility Company in the amount set forth for such Utility Company in the column labeled "Adequate Assurance Deposit" on the Utility Services List.

(d) In the event that a Utility Company asserts that the Adequate Assurance Deposit is not adequate assurance of payment as contemplated by section 366(c)(2) of the Bankruptcy Code, that Utility Company shall serve a written request (an "*Additional Assurance Request*") for adequate assurance in addition to or in lieu of its rights in the Adequate Assurance Deposit. All Additional Assurance Requests shall be delivered by mail and email (where available) to each Utility Notice Party.[3]

(e) Any Additional Assurance Request must (i) set forth the location(s) for which Utility Services are provided; (ii) set forth the account number(s) for which Utility Services are provided; (iii) include a summary of the Debtors'

---

[3] The "*Utility Notice Parties*" are: (a) proposed counsel to the Debtors, Latham & Watkins LLP, 355 South Grand Avenue, Suite 100, Los Angeles, California 90071-1560 (Attn: Jeff Bjork, Helena Tseregounis, and Nicholas Messana) (email: jeff.bjork@lw.com, helena.tseregounis@lw.com, and nicholas.messana@lw.com) and 555 Eleventh Street, NW, Suite 1000, Washington, D.C. 20004-1304 (Attn: Andrew Sorkin) (email: andrew.sorkin@lw.com); (b) proposed co-counsel to the Debtors, Hunton Andrews Kurth LLP, 600 Travis St., Houston, TX 77002 (Attn: Timothy A. ("Tad") Davidson II, Ashley L. Harper, and Philip M. Guffy) (email: taddavidson@hunton.com, ashleyharper@hunton.com, and pguffy@hunton.com); (c) counsel to the Ad Hoc Group and Backstop Parties, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036-8704 (Attn: Ryan P. Dahl, Daniel Gwen, and Margaret Alden) (email: ryan.dahl@ropesgray.com, daniel.gwen@ropesgray.com, and margaret.alden@ropesgray.com); and (d) the Office of the United States Trustee for the Southern District of Texas (the "*U.S. Trustee*"), 515 Rusk Street, Suite 3516, Houston, TX 77002 (Attn: Jayson Ruff and Vianey Garza) (email: jayson.b.ruff@usdoj.gov and vianey.garza@usdoj.gov) (each, a "*Utility Notice Party*").

3

        payment history relevant to the affected account(s), including any security deposit(s); (iv) set forth what the Utility Company would accept as satisfactory adequate assurance of payment; and (v) provide an email address to which the Debtors may respond to the Additional Assurance Request.

(f)      An Additional Assurance Request may be made no later than 20 days after entry of this Order. If a Utility Company does not file timely serve an Additional Assurance Request, the Utility Company shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code; and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges or requiring additional assurance of payment other than the Proposed Adequate Assurance.

(g)      Upon the Debtors' receipt of an Additional Assurance Request, the Debtors shall promptly negotiate with the Utility Company to resolve the Additional Assurance Request.

(h)      Without further order of the Court or notice to the Court, the Debtors may resolve an Additional Assurance Request by entering into agreements granting additional assurance to the requesting Utility Company if the Debtors agree to alternative provisions with the Utility Company; *provided however*, that the Debtors shall maintain a summary record of such agreements and their respective terms, and such summary record and the agreements themselves shall be available to any official committee appointed in these cases, the Backstop Parties, and the U.S. Trustee upon request; *provided, further*, that to the extent the Debtors provide a Utility Company with additional adequate assurance of payment, such Utility Company shall promptly return or release, as applicable, such additional adequate assurance of payment on the earliest of (a) reconciliation and payment by the Debtors of the Utility Company's final invoice following the Debtors' termination of Utility Services from such Utility Company, (b) the effective date of any chapter 11 plan confirmed in the Chapter 11 Cases, (c) the consummation of a sale, pursuant to section 363 of the Bankruptcy Code, of all or substantially all the assets of the Debtors, or (d) the dismissal of the Chapter 11 Cases.

(i)      If the Debtors are not able to reach a resolution with the Utility Company within 10 days of the Debtors' receipt of an Additional Assurance Request (or such later date as agreed to by the Debtors and the requesting Utility Company), the Debtors shall, in consultation with the Backstop Parties, request a hearing (the "**Determination Hearing**") before this Court to determine the adequacy of assurance of payment with respect to the particular Utility Company pursuant to section 366(c)(3) of the Bankruptcy Code.

  (j)  The Determination Hearing shall be an evidentiary hearing at which the Court shall determine whether the Adequate Assurance Deposit and the additional assurance of payment requested by the Utility Company should be modified pursuant to section 366(c)(3)(A) of the Bankruptcy Code. Pending resolution of any Additional Adequate Assurance Request, the Utility Company making such request shall be prohibited from altering, refusing, or discontinuing service to the Debtors, or from discriminating against the Debtors with respect to the provision of Utility Services, on account of unpaid charges for prepetition services, the filing of the Chapter 11 Cases, or any objection to the adequacy of the Additional Adequate Assurance Procedures.

5. Absent compliance with the procedures set forth in the Motion and this Order, the Utility Companies, including, without limitation, those listed on <u>Exhibit 1</u> to the Motion, are prohibited from altering, refusing, or discontinuing Utility Services, or otherwise discriminating against the Debtors, on account of any unpaid prepetition charges or any perceived inadequacy of the Debtors' Proposed Adequate Assurance.  The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures set forth herein.

6. The inclusion of any entity in, as well as the omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtors that such entity is, or is not, a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

7. The Debtors are authorized to amend the Utility Services List to add or delete any Utility Company, with such amendment to be filed with the Court and timely served on the affected Utility Company (the "***Subsequently Identified Utility Company***, to allow sufficient time for parties to object.  The Debtors shall serve a copy of this Order upon any Subsequently Identified Utility Company added to the Utility Services List within 2 business days of such addition.  Upon such amendment, any Subsequently Identified Utility Company that is added to the Utility Services List may object to such inclusion by no later than 14 days after it receives notice of the Motion

and this Order. If no objection is timely received by the Debtors, the provisions of this Order shall apply to the Subsequently Identified Utility Company. Should any objection be timely made and received by the Debtors, such Subsequently Identified Utility Company shall be permitted to make such an Additional Assurance Request in accordance with the Adequate Assurance Procedures set forth herein.

8. The Debtors shall increase the amount of the Adequate Assurance Deposit if a Subsequently Identified Utility Company is added to the Utility Services List by an amount equal to 50% of the estimated average monthly cost of such Utility Services based on historical averages over the preceding twelve months.

9. The Debtors may terminate the services of any Utility Company and reduce the Adequate Assurance Deposit by the amount held on account of such terminated Utility Company upon reconciliation and payment by the Debtors of the Utility Company's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of Utility Services provided by such Utility Company; *provided*, that there are no outstanding disputes related to postpetition payments due; *provided, further*, that the Debtors shall, to the extent reasonably practicable, provide at least 7 days' notice to any Utility Company prior to removal of such Utility Company from the Utility Services List.

10. Nothing in the Motion or this Order, or any payment made pursuant to this Order, is intended to be or shall be deemed as (a) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors; (b) a waiver or limitation of the Debtors' or any other party in interest's right to dispute the amount of, basis for, or validity of any claim; (c) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law; (d) a waiver of the obligation of any party in interest to file

a proof of claim; (e) a promise or requirement to pay any particular claim; (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (h) an admission that any lien satisfied pursuant to the Motion is valid (and all rights to contest the extent, validity, or perfection or seek avoidance of all such liens are expressly reserved); or (i) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code. Any payment made pursuant to this Order is not, nor shall it be construed as, an admission to the validity of any claim or waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

11. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

12. Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

13. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

14. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

15. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: July 15, 2025

Alfredo R Pérez
United States Bankruptcy Judge