United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 15, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------ x
: 
In re:                                                       :   Chapter 11
                                                             :
RUNITONETIME LLC, *et al.*,                                  :   Case No. 25-90191 (ARP)
                                                             :
Debtors.[1]                                                  :   (Jointly Administered)
                                                             :
------------------------------------------------------------ x

**ORDER (I) AUTHORIZING DEBTORS TO (A) HONOR
THEIR PREPETITION OBLIGATIONS TO CUSTOMERS, AND (B) CONTINUE
THEIR CUSTOMER PROGRAMS; AND (II) GRANTING RELATED RELIEF**
[RELATES TO DOCKET NO. 7]

Upon the emergency motion (the "***Motion***")[2] of the Debtors for entry of an order (this "***Order***") (i) authorizing, but not directing, the Debtors to (a) fulfill and honor (through payment, credit, setoff, or otherwise) the Customer Programs as they deem appropriate, and (b) continue, enforce, renew, replace, terminate, and implement new Customer Programs and any other customer practices as they deem appropriate, without further application to the Court; and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed the Motion and the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408

---

[1] A complete list of the Debtors in the Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RunItOneTime/. The Debtors' mailing address is 12530 NE 144th Street, Kirkland, Washington 98304.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary, except as set forth in the Motion with respect to entry of this Order; and upon the record herein; and after due deliberation thereon; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Debtors are authorized, but not directed, to (a) fulfill and honor (through payment, credit, setoff, or otherwise) all prepetition obligations related to the Customer Programs as they deem appropriate, and (b) continue, enforce, renew, replace, terminate, and implement new Customer Programs and any other customer practices as they deem appropriate, without further application to the Court, including making all payments, honoring all discounts and credits, satisfying all obligations, and permitting and effecting all setoffs in connection therewith, in each case whether related to the prepetition period or the postpetition period.

2. The Debtors shall maintain a matrix/schedule of payments, obligations, offsets, credits, or reserves related to the Customer Programs made pursuant to this Order, including the following information: (a) the nature, date, and amount of the Obligations; (b) the category or type of the Obligations, as further described and classified in the Motion; and (c) the Debtor or Debtors that made or incurred the Obligation. On the last business day of each month and ending upon entry of an order confirming a plan or dismissing or converting the Chapter 11 Cases, the Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee, counsel to the Ad Hoc Group

and Backstop Parties, and any statutory committee appointed in the Chapter 11 Cases covering all payments made pursuant to this Order during the prior month.

3. The Debtors will notify the United States Trustee and any statutory committee appointed in these cases if Debtors make any material, company-wide changes to Debtors' Customer Programs practices and procedures.

4. The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations set forth herein, to the extent that sufficient funds are on deposit in available funds in the applicable bank accounts to cover such payments. The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

5. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Chapter 11 Cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Order.

6. Nothing in the Motion or this Order, or any payment made pursuant to this Order, is intended to be or shall be deemed as (a) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors; (b) a waiver or limitation of the Debtors' or any other party in interest's right to dispute the amount of, basis for, or validity of any claim; (c) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any

other applicable non-bankruptcy law; (d) a waiver of the obligation of any party in interest to file a proof of claim; (e) a promise or requirement to pay any particular claim; (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (h) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code. Any payment made pursuant to this Order is not, nor shall it be construed as, an admission to the validity of any claim or waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently. Further, nothing contained in the Motion or this Order is, nor shall it be construed to, convert a prepetition claim into an administrative expense priority claim on account of any claims arising under or relating to the Customer Programs.

7. Nothing in the Motion or this Order shall be construed as prejudicing any rights the Debtors may have to dispute or contest the amount of, or basis for, any claims asserted against the Debtors in connection with any Customer Programs.

8. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

9. Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

10. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

11. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

12. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: July 15, 2025

_____
Alfredo R Pérez
United States Bankruptcy Judge