United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 18, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------ x
:
In re: : Chapter 11
:
RUNITONETIME LLC, *et al.*, : Case No. 25-90191 (ARP)
:
Debtors.[1] : (Jointly Administered)
:
------------------------------------------------------------ x

### ORDER AUTHORIZING THE DEBTORS TO ENGAGE MARNELL GAMING MANAGEMENT
**[RELATES TO DOCKET NO. 67]**

Upon the emergency motion (the "*Motion*")[2] of the Debtors for entry of an order (this "*Order*") authorizing the Debtors to engage Marnell, as more fully set forth in the Motion; and the Court having reviewed the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary, except as set forth in the Motion with respect to entry of this Order; and upon the record herein; and after due deliberation thereon; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for

---

[1] A complete list of the Debtors in the Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RunItOneTime/.  The Debtors' mailing address is 12530 NE 144th Street, Kirkland, Washington 98304.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

the relief granted herein; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Debtors are authorized to engage Marnell to provide the following consulting services (collectively, the "*Services*"):

    - review and advisement on annual operating plans and budgets;

    - review and advisement on employee staffing;

    - strategic and operational advisement concerning the Debtors' gaming operations, marketing, business planning, support, guidance, and policy-making;

    - advisement on matters pertaining to capital expenditures and to expansion or improvement of the Debtors' gaming facilities;

    - review and advisement on IT systems and implementation;

    - advisement concerning long term business and financial planning strategy for the Debtors' gaming operations; and

    - such other consulting services and assistance as may be mutually agreed by the parties acting reasonably, from time to time.

2. Marnell shall provide the Services at the direction of the Chief Restructuring Officer and the Special Committee. Marnell shall coordinate with the Debtors' other advisors in performing the Services as directed by the Chief Restructuring Officer and the Special Committee. Marnell shall not disclose any confidential or privileged information absent the consent of the Chief Restructuring Officer or the Special Committee.

3. Marnell shall be entitled to receive $500,000 per month (pro-rated for the month of July), plus reasonable and documented expenses not to exceed $150,000 per month. Marnell's engagement shall be terminable by the Special Committee at any time with no notice required.

Upon termination, Marnell shall be entitled to receive the pro-rated amount of any monthly fee through the date of termination plus any accrued reasonable and document expenses. Nothing in this Order shall be deemed to direct Marnell to perform the Services if payment is not received.

4. All work product and related material that is developed or produced by Marnell in providing the Services shall be the sole property of the Debtors.

5. Marnell's services will at all times be subject to applicable gaming laws and regulations.

6. Any expansion of Marnell's engagement beyond providing the Services shall require a further Order of this Court.

7. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

8. Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

9. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, or any other applicable Bankruptcy Rule, this Order shall be effective and enforceable immediately upon entry hereof.

10. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order, including executing all agreements and amendments necessary to memorialize the arrangements with Marnell.

11. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: July 18, 2025

Alfredo R Pérez
United States Bankruptcy Judge