IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------ x
                                                                              :

In re:                                                        :    Chapter 11

RUNITONETIME LLC, *et al.*,                  :    Case No. 25-90191 (ARP)

              Debtors.[1]                                  :    (Jointly Administered)

------------------------------------------------------------ x

**DEBTORS' MOTION FOR ENTRY OF
AN ORDER ESTABLISHING PROCEDURES FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") respectfully state as follows in support of this motion (this "***Motion***"):

### RELIEF REQUESTED

1.    The Debtors hereby seek entry of an order (the "***Proposed Order***"), substantially in the form attached hereto, establishing procedures for providing:

    a.    compensation and reimbursement of expenses to attorneys and other professionals whose retentions are approved by this Court pursuant to sections 327 or 1103 of title 11 of the Bankruptcy Code (as defined below), and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code; and

---

[1]    A complete list of the Debtors in the Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RunItOneTime/. The Debtors' mailing address is 12530 NE 144th Street, Kirkland, Washington 98304.

b.      reimbursement of expenses to members of any official committees formed by the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") (excluding fees and expenses of any member's counsel).

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157, and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are sections 105(a), 330, and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), rule 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), and the Procedures for Complex Cases in the Southern District of Texas.

## BACKGROUND

4.      On July 14, 2025 (the "**Petition Date**"), the Debtors each commenced with the Court a voluntary case (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code in the Court.

5.      The Debtors continue to operate their business and manage their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. On July 25, 2025, the U.S. Trustee appointed an official committee of unsecured creditors (the "**Committee**") [Docket No. 81]. No trustee or examiner has been appointed in the Chapter 11 Cases.

6.      The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

7. The Debtors are a privately held gaming and entertainment company focused on acquiring undervalued gaming assets and implementing operational changes to improve profitability. The Debtors own and operate a portfolio of casinos, card rooms, hotels, and other gaming- and hospitality-related assets across Washington State, Nevada, and Colorado, including 17 card rooms in Washington State and several casinos and hotels in Nevada and Colorado, reflecting a total of approximately 2,500 slot machines, 320 table games, 1,200 hotel rooms, and 30 restaurants. The Debtors' operating businesses also include the EGads! fabrication and installation business, a gaming and hospitality industry leader in the design, fabrication, assembly and installation of casino interiors, custom signage, lighting, and architectural treatments, and the Utah Trailways charter company, which facilitates customer gaming excursions from Salt Lake City, Utah to the Debtors' operating properties in Wendover, Nevada.

8. The factual background regarding the Debtors, including their business, their capital structure, and the events leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Jeff Seery in Support of Chapter 11 Petitions and First Day Relief* [Docket No. 18] (the "**First Day Declaration**"), filed on the Petition Date and incorporated herein by reference.

9. The Debtors [have filed/intend to file] applications to employ and retain professionals in the Chapter 11 Cases, including, but not limited to: (a) Latham & Watkins LLP, as bankruptcy co-counsel; (b) Hunton Andrews Kurth LLP, as bankruptcy co-counsel; (c) Portage Point Partners, as financial advisor; (d) GLC Advisors & Co., LLC, as investment banker; and (e) KPMG LLP, as accountant. The Debtors may in the future seek authority to retain additional professionals pursuant to section 327 of the Bankruptcy Code during the course of the Chapter 11

Cases.[2] Each entity retained pursuant to section 327 or 1103 of the Bankruptcy Code is referred to herein as a "***Professional***" and collectively, as the "***Professionals***."

10. The Debtors believe that establishing orderly procedures to pay the Professionals will streamline the administration of the Chapter 11 Cases and otherwise promote efficiency for the Court, the U.S. Trustee, and all parties in interest.

### PROPOSED COMPENSATION AND REIMBURSEMENT PROCEDURES

11. To streamline the compensation process and enable the Court and all other parties in interest to more effectively monitor the fees and expenses incurred by the various Professionals for the rendering of services to the Debtors from the Petition Date through the effective date of the Debtors' chapter 11 plan (the "***Effective Date***") or other conclusion of the Chapter 11 Cases, the Debtors request that the Court implement the following procedures (the "***Compensation Procedures***"):

   a. On or after the fifth day of each month following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses who (i) has been, or is hereafter, retained pursuant to sections 327 or 1103 of the Bankruptcy Code and (ii) is not retained as an Ordinary Course Professional, shall send a reasonably detailed monthly statement indicating the nature of the services rendered and expenses incurred (each, a "***Monthly Fee Statement***"), by e-mail, to the following parties (collectively, the "***Notice Parties***"):

      i. the Debtors, RunItOneTime LLC, 12530 NE 144th Street, Kirkland, Washington 98304, USA Attn: Jeff Seery (js@maverickgaming.com);

      ii. proposed co-counsel to the Debtors, Latham & Watkins LLP, 355 South Grand Avenue, Suite 100, Los Angeles, California 90071, Attn: Helena G. Tseregounis and Nicholas J. Messana (helena.tseregounis@lw.com and nicholas.messana@lw.com);

---

[2] The Debtors also have filed or intend to file a motion seeking authority to employ and pay certain professionals used in the ordinary course of business (each, an "***Ordinary Course Professional***"), rather than file a formal retention application for each such Ordinary Course Professional. For the avoidance of doubt, the Compensation Procedures shall not apply to the payment of compensation and reimbursement of expenses of the Ordinary Course Professionals.

4

   iii. proposed co-counsel to the Debtors, Hunton Andrews Kurth LLP, 600 Travis Street, Suite 4200, Houston, Texas 77002, Attn: Tad Davidson, Ashley Harper, and Philip Guffy (taddavidson@hunton.com, ashleyharper@hunton.com, and pguffy@hunton.com);

   iv. the Office of the U.S. Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Jayson B. Ruff and Vianey Garza (jayson.b.ruff@usdoj.gov and vianey.garza@usdoj.gov);

   v. counsel to the Ad Hoc Group and Backstop Parties, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Ryan Preston Dahl, Daniel Gwen, and Margaret Alden (ryan.dahl@ropesgray.com, daniel.gwen@ropesgray.com, and margaret.alden@ropesgray.com) and Porter Hedges LLP, 1000 Main St., 36th Floor, Houston, Texas 77002, John F. Higgins, M. Shane Johnson, Megan Young-John, and James A. Keefe (jhiggins@porterhedges.com, sjohnson@porterhedges.com, myoung-john@porterhedges.com, and jkeefe@porterhedges.com); and

   vi. counsel to the Committee and any other statutory committees appointed in the Chapter 11 Cases.

  Any Professional that fails to submit a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Statements shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and applicable law. The first Monthly Fee Statement submitted by each Professional serving as of the Petition Date will cover the period from the Petition Date through and including August 30, 2025. Thereafter, each Monthly Fee Statement shall cover one calendar month (except to the extent that a Professional files a consolidated Monthly Fee Statement, as set forth above).

b. Each Notice Party will have until 4:00 p.m. (prevailing Central Time) on the day that is fourteen (14) days after delivery of a Monthly Fee Statement (the "***Objection Deadline***") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. Upon the expiration of the Objection Deadline, the Debtors shall promptly pay the applicable Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement (the "***Actual Monthly Payment***") that are not subject to an objection pursuant to subparagraph (c) below.

c. If any Notice Party objects to a Professional's Monthly Fee Statement, such party must serve via e-mail on such Professional and each other Notice Party a written

5

      objection (an "***Objection***") so as to be received on or before the Objection Deadline. Any such Objection must identify with specificity the objectionable fees or expenses, including the amount of such objected-to fees or expenses and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution within fourteen (14) days after delivery of the Objection or such later date as both parties agree (the "***Resolution Period***"), the objecting party shall file its Objection with the Court within three (3) business days of the expiration of the Resolution Period and serve such Objection on the affected Professional and each of the other Notice Parties. Thereafter, the affected Professional may either (i) file a response to the Objection with this Court or (ii) forego payment of the amount subject to Objection until the next Interim Fee Application or Final Fee Application hearing, at which time the affected Professional may request that the Court consider the Objection. For the avoidance of doubt, the applicable Professional may receive payment of any of the Actual Monthly Payment that is not subject to Objection after the expiration of the Objection Deadline.

d.     Beginning with the period ending October 31, 2025, and at three (3) month intervals thereafter (each, an "***Interim Fee Period***"), each Professional shall file with this Court and serve on the Notice Parties an interim fee application (an "***Interim Fee Application***") for allowance of compensation and reimbursement of expenses sought in the Monthly Fee Statements submitted during such Interim Fee Period and prepared in accordance with the Compensation Procedures. Interim Fee Applications may be filed after the close of each Interim Fee Period. Interim Fee Applications must comply with sections 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the Court. The Notice Parties will have twenty-one (21) days after service of an Interim Fee Application to object thereto. The first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including October 31, 2025. Notwithstanding anything to the contrary in the Compensation Procedures, a Professional may file a combined Interim Fee Application with its fee application for final allowance of compensation and reimbursement of expenses (a "***Final Fee Application***" and, together with the Interim Fee Applications, the "***Applications***").

e.     The Court, in its discretion, may approve an uncontested Interim Fee Application or Final Fee Application without the need for a hearing, upon the Professional's filing of a certificate of no objection. Upon allowance by the Court of a Professional's Interim Fee Application or Final Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

f.     The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses not previously paid pursuant to the Compensation Procedures, unless otherwise ordered by the Court.

12. The Debtors further request that each member of the Committee be permitted to submit statements of out-of-pocket expenses (excluding the fees and expenses of any member's counsel) and supporting vouchers to counsel for any such committee, and that counsel for such committee be required to collect such statements and vouchers and submit a request for reimbursement of the documented expenses in accordance with the foregoing Compensation Procedures.

13. The Debtors further request that the Court limit service of the Applications to the Notice Parties, and that all other parties that have filed a notice of appearance with the Clerk of the Court and requested notice of pleadings in the Chapter 11 Cases be entitled to receive only notice of hearings on the Applications (the "***Hearing Notices***"). Serving the Monthly Fee Statements and the Hearing Notices in this manner will permit the parties most active in the Chapter 11 Cases to review and object to the Professionals' fees while saving unnecessary duplication and mailing expenses.

## BASIS FOR RELIEF

14. The implementation of the proposed Compensation Procedures is justified in these proceedings because the Chapter 11 Cases present a number of complex issues that, together with the day-to-day administration of these proceedings, must be addressed by the Debtors' staff and resources. In addition, it is anticipated that several Professionals will be involved in the Chapter 11 Cases. Absent streamlined compensation procedures, the fee application and review process could be exceptionally burdensome on the Debtors, the Professionals, the Court, and other parties in interest. By contrast, under the proposed Compensation Procedures, the mechanism for payment of Professionals' fees will be simplified and will avoid unnecessary Court involvement.

15. The right of the Professionals to seek interim payments from the Debtors' estates is governed by section 331 of the Bankruptcy Code, which provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331. Absent an order of the court, section 331 of the Bankruptcy Code limits payment of fees and expenses to Professionals rendering services in the Chapter 11 Cases to only three times per year.

16. Congress's intent in enacting section 331 of the Bankruptcy Code is expressed unequivocally in the House and Senate Reports accompanying the enactment of the Bankruptcy Code:

> The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments. The court is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 330 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 41-42 (1978).

17. Moreover, section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Thus, the Court has authority to enter an order authorizing procedures for interim payment of monthly compensation and reimbursement of expenses.

18. The proposed Compensation Procedures will enable the Debtors to closely monitor the costs of administering the Chapter 11 Cases, maintain a level cash flow, and implement

efficient cash-management procedures. In addition, the Compensation Procedures will allow the Court and key parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement sought pursuant to a streamlined and efficient process.

19. The Debtors submit that more frequent payment applications than those prescribed in section 331 of the Bankruptcy Code are merited in these proceedings in light of the size of the Chapter 11 Cases and the anticipated complexity of the Professionals' work in connection therewith.

20. In light of the foregoing, the Debtors submit that the relief requested herein is appropriate and in the best interest of the Debtors' estates, creditors, and all parties in interest and, therefore, should be granted in the Chapter 11 Cases.

**NOTICE**

21. Notice of this Motion will be given to the parties on the Debtors' Master Service List. A copy of this Motion is available on (a) the Court's website, at www.txs.uscourts.gov, and (b) the website maintained by the Debtors' Claims and Noticing Agent, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/RunItOneTime/.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: August 8, 2025
       Houston, Texas

Respectfully submitted,

*/s/ Timothy A. ("Tad") Davidson II*
**HUNTON ANDREWS KURTH LLP**
Timothy A. ("Tad") Davidson II (Texas Bar No. 24012503)
Ashley L. Harper (Texas Bar No. 24065272)
Philip M. Guffy (Texas Bar No. 24113705)
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone: (713) 220-4200
Email: taddavidson@hunton.com
       ashleyharper@hunton.com
       pguffy@hunton.com]

- and –

**LATHAM & WATKINS LLP**
Jeffrey E. Bjork (admitted *pro hac vice*)
Helena G. Tseregounis (admitted *pro hac vice*)
Nicholas J. Messana (California Bar No. 332355)
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
E-mail: jeff.bjork@lw.com
       helena.tseregounis@lw.com
       nicholas.messana@lw.com

- and -

**LATHAM & WATKINS LLP**
Ray C. Schrock (NY Bar No. 4860631)
Andrew Sorkin (NY Bar No. 4597944)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
E-mail: ray.schrock@lw.com
       andrew.sorkin@lw.com

*Proposed Attorneys for the Debtors and Debtors in Possession*

10

**CERTIFICATE OF SERVICE**

    I certify that on August 8, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

*/s/ Timothy A. ("Tad") Davidson II*
Timothy A. ("Tad") Davidson II