IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

```
----------------------------------------------- x
                                                :
In re:                                          :   Chapter 11
                                                :
RUNITONETIME LLC, et al.,                       :   Case No. 25-90191 (ARP)
                                                :
        Debtors.[1]                             :   (Jointly Administered)
                                                :
----------------------------------------------- x
```

### APPLICATION OF DEBTORS TO EMPLOY
### AND RETAIN HUNTON ANDREWS KURTH LLP AS BANKRUPTCY
### CO-COUNSEL FOR THE DEBTORS AND DEBTORS-IN-POSSESSION

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors in possession (collectively, the "***Debtors***") respectfully state as follows in support of this application (this "***Application***"):

### RELIEF REQUESTED

1. By this Application, the Debtors seek entry of an order, substantially in the form attached hereto (the "***Order***"), authorizing the employment and retention of Hunton Andrews Kurth LLP ("***Hunton***" or the "***Firm***") as bankruptcy co-counsel to the Debtors. In support of this Application, the Debtors submit the declaration of Timothy A. ("Tad") Davidson II (the "***Davidson Declaration***"), attached hereto as **Exhibit A**.

---

[1] A complete list of the Debtors in the Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RunItOneTime/. The Debtors' mailing address is 12530 NE 144th Street, Kirkland, Washington 98304.

**JURISDICTION AND VENUE**

2. The United States Bankruptcy Court for the Southern District of Texas (the "*Court*") has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution.

3. Venue of these cases and this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief requested herein are sections 327(a), 328(a), 329(a), and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "*Bankruptcy Code*"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "*Bankruptcy Local Rules*"), and the Procedures for Complex Cases in the Southern District of Texas (the "*Complex Case Procedures*").

**BACKGROUND**

5. On July 14, 2025 (the "*Petition Date*"), the Debtors filed voluntary petitions in this Court commencing cases for relief under chapter 11 of the Bankruptcy Code (the "*Chapter 11 Cases*"). The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code. On July 25, 2025, the U.S. Trustee appointed an official committee of unsecured creditors (the "*Committee*") [Docket No. 81]. No trustee or examiner has been appointed in the Chapter 11 Cases.

6. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set

2

forth in detail in the *Declaration of Jeff Seery in Support of Chapter 11 Petitions and First Day Relief* [Docket No. 18] (the "**First Day Declaration**").[2]

7. Further, on the Petition Date, the Court entered an order [Docket No. 15] pursuant to Bankruptcy Rule 1015(b) ordering joint administration and consolidation of the Chapter 11 Cases for procedural purposes only.

## BASIS FOR RELIEF

8. By this Application, the Debtors respectfully request entry of an order authorizing the Debtors to retain and employ Hunton as their bankruptcy co-counsel, in accordance with the terms and conditions set forth in this Application, the Davidson Declaration, and in that certain engagement letter between the Debtors and Hunton dated as of July 7, 2025 (the "**Engagement Letter**"), a copy of which is attached hereto as **Exhibit B**.

9. The retention of Hunton under the terms described in this Application is appropriate under sections 327(a), 328(a), and 329(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Bankruptcy Local Rules 2014-1 and 2016-1.

10. Under section 327(a) of the Bankruptcy Code, a debtor in possession is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title."[3] Section 1107(b) provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."[4]

---

[2] The First Day Declaration and other relevant case information is available on the website of the Debtors' claims and noticing agent, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/RunItOneTime/.

[3] 11 U.S.C. § 327(a).

[4] 11 U.S.C. § 1107(b).

3

### A. Hunton's Qualifications

11. The Debtors have determined that the retention of bankruptcy co-counsel is necessary to the successful administration of the Chapter 11 Cases. The Debtors selected Hunton as their bankruptcy co-counsel and seek to employ and retain Hunton as their bankruptcy co-counsel for the Chapter 11 Cases. Hunton is a law firm of national prominence with offices in, among other locations, Texas, New York, California, Virginia, North Carolina, Georgia, Florida, and the District of Columbia. The attorneys at Hunton have experience in bankruptcy cases of the size and complexity of the Chapter 11 Cases. Moreover, Hunton is a full service law firm with attorneys experienced in bankruptcy and restructuring, litigation, corporate transactions, energy and infrastructure, real estate, tax, labor, derivatives, environmental law, project finance, technology, as well as other areas of law that may be relevant to services required and the issues presented in the Chapter 11 Cases.

12. Based upon the Firm's experience and the expertise developed by many of its attorneys, Hunton's attorneys are experienced in the representation of debtors in possession, are well versed in the Bankruptcy Local Rules, the Complex Case Procedures and local practice expectations, and otherwise have the requisite abilities to represent the Debtors properly in the Chapter 11 Cases.

13. Beginning in July, 2025, Hunton represented the Debtors as bankruptcy co-counsel in connection with all phases of the Debtors' restructuring efforts, including without limitation, the preparation for filing the Chapter 11 Cases.

14. The Debtors selected Hunton as bankruptcy co-counsel for the reasons stated above and due to, among other things, Hunton's recognized expertise in business reorganizations under chapter 11 of the Bankruptcy Code and its experience in the Southern District of Texas. Hunton has served as lead bankruptcy counsel or co-counsel to debtors and debtors in possession in many

large chapter 11 bankruptcy cases before this Court, including without limitation: *Wolfspeed, Inc.*, No. 25-90163 (CML) (Bankr. S.D. Tex. July 29, 2025) (application pending); *DocuData Solutions L.C.*, No. 25-90023 (CML) (Bankr. S.D. Tex. Apr. 11, 2025) (Docket No. 289); *TreeSap Farms, LLC*, No. 25-90017 (ARP) (Bankr. S.D. Tex. Apr. 8, 2025) (Docket No. 180); *Cutera, Inc.*, No. 25-90088 (ARP) (Bankr. S.D. Tex. Apr. 8, 2025) (Docket No. 194); *The Container Store Group, Inc.*, No. 24-90627 (ARP) (Bankr. S.D. Tex. Jan. 28, 2025) (Docket No. 196); *Robertshaw US Holding Corp.*, No. 24-90052 (CML) (Bankr. S.D. Tex. Mar. 22, 2024) (Docket No. 368); *Monitronics International, Inc.*, No. 23-90332 (CML) (Bankr. S.D. Tex. June 20, 2023) (Docket No. 157); *Sundance Energy Inc.*, No. 21-30882 (DRJ) (Bankr. S.D. Tex. Apr. 15, 2021) (Docket No. 160); *Superior Energy Services, Inc.*, No. 20-35812 (DRJ) (Bankr. S.D. Tex. Jan. 8, 2021) (Docket No. 209); *Lonestar Resources US Inc.*, No. 20-34805 (DRJ) (Bankr. S.D. Tex. Nov. 6, 2020) (Docket No. 198); *Remora Petroleum, L.P.*, No. 20-34037 (DRJ) (Bankr. S.D. Tex. Sept. 15, 2020) (Docket No. 129); *Hi-Crush Inc.*, No. 20-33495 (CML) (Bankr. S.D. Tex. Aug. 20, 2020) (Docket No. 308); *Sable Permian Resources, LLC*, No. 20-33193 (MI) (Bankr. S.D. Tex. Aug. 7, 2020) (Docket No. 280); *Weatherford International plc*, No. 19-33694 (DRJ) (Bankr. S.D. Tex. Aug. 22, 2019) (Docket No. 289); *Monitronics International, Inc.*, No. 19-33650 (DRJ) (Bankr. S.D. Tex. Aug. 5, 2019) (Docket No. 184); *Illinois Power Generating Company*, No. 16-36326 (MI) (Bankr. S.D. Tex. Jan. 25, 2017) (Docket No. 168).

15. Additionally, Hunton has been actively involved in other roles in many major chapter 11 cases within the Southern District of Texas, including without limitation: *Global Clean Energy Holdings, Inc.*, No. 25-90113 (ARP) (Bankr. S.D. Tex. Apr. 16, 2025); *Independence Contract Drilling, Inc.*, No. 24-90612 (ARP) (Bankr. S.D. Tex. Dec. 2, 2024); *Diamond Sports Group, LLC*, No. 23-90116 (CML) (Bankr. S.D. Tex. Mar. 14, 2023); *Nielsen & Bainbridge, LLC*,

5

No. 23-90071 (CML) (Bankr. S.D. Tex. Feb. 8, 2023); *Core Scientific, Inc.*, No. 22-90341 (CML) (Bankr. S.D. Tex. Dec. 21, 2022); *Compute North Holdings, Inc.*, No. 22-90273 (MI) (Bankr. S.D. Tex. Sept. 22, 2022); *Talen Energy Supply, LLC*, No. 22-90054 (MI) (Bankr. S.D. Tex. May 9, 2022); *Limetree Bay Services, LLC*, No. 21-32351 (CML) (Bankr. S.D. Tex. July 12, 2021); *Brazos Electric Power Cooperative, Inc.*, No. 21-30725 (CML) (Bankr. S.D. Tex. Mar. 1, 2021); *Gulfport Energy Corp.*, No. 20-35562 (CML) (Bankr. S.D. Tex. Nov. 13, 2020); *Fieldwood Energy LLC*, No. 20-33948 (MI) (Bankr. S.D. Tex. Aug. 3, 2020); *McDermott International, Inc.*, No. 20-30336 (CML) (Bankr. S.D. Tex. Jan. 21, 2020); *EP Energy Corp.*, No. 19-35654 (MI) (Bankr. S.D. Tex. Oct. 3, 2019); *Alta Mesa Resources, Inc.*, No. 19-35133 (MI) (Bankr. S.D. Tex. Sept. 11, 2019); *Sanchez Energy Corp.*, No. 19-34508 (MI) (Bankr. S.D. Tex. Aug. 11, 2019); *Bristow Group Inc.*, No. 19-32713 (MI) (Bankr. S.D. Tex. May 11, 2019); *Vanguard Natural Resources, Inc.*, No. 19-31789 (DRJ) (Bankr. S.D. Tex. Mar. 31, 2019); *Gastar Exploration Inc.*, No. 18-36057 (MI) (Bankr. S.D. Tex. Oct. 31, 2018); *iHeartMedia, Inc.*, No. 18-31274 (MI) (Bankr. S.D. Tex. Mar. 14, 2018); *EXCO Resources, Inc.*, No. 18-30155 (MI) (Bankr. S.D. Tex. Jan. 15, 2018); *Castex Energy Partners, L.P.*, No. 17-35835 (MI) (Bankr. S.D. Tex. Oct. 16, 2017); *LINN Energy, LLC*, No. 16-60040 (DRJ) (Bankr. S.D. Tex. May 11, 2016); *Ultra Petroleum Corp.*, No. 16-32202 (MI) (Bankr. S.D. Tex. April 29, 2016); *Sherwin Alumina Company, LLC*, No. 16-20012 (DRJ) (Bankr. S.D. Tex. Jan. 11, 2016).

16.     Accordingly, the Debtors believe that Hunton is well qualified to represent them in the Chapter 11 Cases.

**B.     Services to Be Provided**

17.     The Debtors seek to retain Hunton, subject to the oversight and orders of the Court, to provide legal services to the Debtors as needed throughout the course of the Chapter 11 Cases, including providing advice with respect to bankruptcy and other substantive legal issues.  In

particular, the Debtors seek to retain Hunton to perform, among others, the following professional services for the Debtors:

    a) advise the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their business;

    b) advise and consult on the conduct of the Chapter 11 Cases, including all of the legal and administrative requirements of operating in chapter 11;

    c) attend meetings and negotiate with representatives of creditors and other parties in interest;

    d) take all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any actions commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including prosecuting objections to claims filed against the Debtors' estates;

    e) prepare pleadings in connection with the Chapter 11 Cases, including motions, applications, answers, draft orders, reports and other documents necessary or otherwise beneficial to the administration of the Debtors' estates;

    f) represent the Debtors in connection with obtaining authority to use cash collateral and postpetition financing;

    g) appear before the Court and any appellate courts to represent the interests of the Debtors' estates;

    h) take any necessary actions on behalf of the Debtors to negotiate, prepare and obtain approval of a disclosure statement and confirmation of a chapter 11 plan of reorganization and all documents related thereto;

    i) advise the Debtors in connection with any sale of assets;

    j) provide non-bankruptcy services to the Debtors to the extent requested by the Debtors; and

    k) perform all other necessary legal services for the Debtors in connection with the Chapter 11 Cases, which may include (i) the analysis of the Debtors' leases and executory contracts and the assumption, rejection or assignment thereof, (ii) the analysis of the validity of liens against the Debtors, and (iii) advice on corporate and litigation matters, including both pending and threatened litigation and the administration and resolution of claims.

18.     It is necessary for the Debtors to employ attorneys to render the foregoing professional services. Subject to approval of this Application, Hunton has confirmed its desire

7

and willingness to act in the Chapter 11 Cases and render the necessary professional services as attorneys for the Debtors.

19. The Debtors intend to file separate applications to employ other professionals, including Latham & Watkins LLP as bankruptcy co-counsel to the Debtors, pursuant to section 327(a) of the Bankruptcy Code in connection with the Chapter 11 Cases. Hunton has advised the Debtors that it intends to monitor carefully and coordinate with the other professionals retained by the Debtors in the Chapter 11 Cases and will clearly delineate their respective duties to prevent duplication of effort. Efficient coordination of efforts of the Debtors' attorneys and other professionals will add to the effective administration of the Chapter 11 Cases.

### C. Terms of Retention

20. Pursuant to section 328(a) of the Bankruptcy Code, the Court may approve Hunton's retention on any reasonable terms. The Debtors seek to retain Hunton pursuant to the terms of the Engagement Letter, which are substantially similar to those entered into by Hunton and other clients on a daily basis in a competitive market for legal services with respect to similarly complex corporate, securities, and litigation matters. In connection with its retention, Hunton will be paid hourly rates for professional services rendered that are in effect on the date the services are rendered. Hunton's rates and rate structures reflect the specialized expertise required by such matters, the risks of monetary loss of business failure, and the severe time pressures involved in business reorganizations. These rates may change from time to time in accordance with Hunton's established billing practices and procedures to account for advancing seniority and promotion of attorneys and paraprofessionals, and the Debtors have agreed to pay the rates as adjusted in accordance with such established practices and procedures for such increases.

21. Hunton's rates and rate structure are determined by the national marketplace for legal services; the Firm's performance and reputation; an individual attorney's area of specialization, experience, and performance; the nature of the work involved; and other factors.

22. The current hourly rates for the attorneys at Hunton who are expected to have primary responsibility for the representation of the Debtors are set forth below:

| Professional | Position | 2025 Hourly Rates |
|---|---|---|
| Timothy A. ("Tad") Davidson II | Partner | $1,405 |
| Ashley L. Harper | Partner | $1,155 |
| Philip M. Guffy | Associate | $995 |
| Catherine Rankin | Associate | $895 |
| Brandon Bell | Associate | $795 |
| Kaleb Bailey | Associate | $690 |

23. Other attorneys and paraprofessionals at Hunton may be called upon on occasion to assist in the representation of the Debtors. The hourly rates charged by the Firm's professionals differ based on, among other things, the professional's experience.

24. The Debtors also have agreed that Hunton shall be reimbursed for all actual out-of-pocket expenses incurred by the Firm on the Debtors' behalf, in accordance with the Engagement Letter. The Firm will make every effort to minimize its expenses in the Chapter 11 Cases.

25. Hunton will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with rendering the legal services described above by category and nature of the services rendered.

26. Hunton will submit application(s) for compensation in accordance with any interim compensation order entered in the Chapter 11 Cases, sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Complex Case Procedures, and any further order of the Court in the Chapter 11 Cases.

27. As of the Petition Date, the Debtors do not owe Hunton any amounts for legal services rendered before the Petition Date. Before the Petition Date, the Debtors paid Hunton an aggregate amount of $368,184.00, which amount was comprised of: (i) an advance payment retainer in the amount of $250,000.00; and (ii) a prepayment for estimated court-filing fees, including court-filing fees attributable to the filing of voluntary petitions for each of the Debtors, in the amount of $118,610.65. Before the Petition Date, Hunton invoiced the Debtors and the Debtors paid Hunton the aggregate amount of $182,213.50 in fees for services performed and $118,610.65 in expenses incurred, including preparation for the commencement of and filing of the Chapter 11 Cases. As of the Petition Date, Hunton holds $67,359.85 on account.

### D. Hunton's Disinterestedness

28. As set forth in the Davidson Declaration, Hunton has in the past represented, currently represents, and likely in the future will represent certain parties in interest in the Chapter 11 Cases, but only in matters wholly unrelated to the Debtors, the Chapter 11 Cases, and such entities' claims against or interests in the Debtors, unless otherwise noted in the Davidson Declaration.

29. To the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Davidson Declaration and in Schedule 2 of the Davidson Declaration, (i) Hunton has no connection with any of the parties listed in Schedule 1 of the Davidson Declaration; (ii) Hunton is not a creditor, an equity security holder, or an insider of the Debtors; (iii) no Hunton attorneys are or were, within two years of the Petition Date, a director, officer, or employee of the Debtors; and (iv) Hunton does not hold or represent any interest materially adverse to the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors or for any other reason.

30. Accordingly, Hunton (i) is a "disinterested person," as that phrase is defined in section 101(14) of the Bankruptcy Code (as modified by section 1107(b) of the Bankruptcy Code), as required by section 327(a) of the Bankruptcy Code and (ii) does not hold or represent an interest adverse to the Debtors' estates.

31. Hunton has informed the Debtors that, as set forth in the Davidson Declaration, (i) Hunton has no agreement with any other entity to share any compensation received concerning the representation of the Debtors; and (ii) unless otherwise disclosed therein, no employee of Hunton is related to any United States Bankruptcy Judge for the Southern District of Texas, any United States District Judge for the Southern District of Texas, the United States Trustee with supervision over the Southern District of Texas, or any employees of the Office of the United States Trustee for the Southern District of Texas.

32. The Debtors' knowledge, information and belief regarding certain of the matters set forth in this Application are based on and made in reliance upon the Davidson Declaration. The Debtors understand that Hunton will periodically review its files during the pendency of the Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, the Debtors understand that Hunton will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

33. The Debtors submit that the retention and employment of Hunton on the terms and conditions set forth herein, in the Davidson Declaration, and the Engagement Letter are in the best interests of the Debtors, the Debtors' estates, their creditors, and all potential parties in interest. Hunton is well qualified to perform as bankruptcy co-counsel as described above, and the Debtors

know of no reason why Hunton should not be retained as bankruptcy co-counsel for the Debtors in the Chapter 11 Cases.

## NOTICE

34. Notice of the Application will be given to the parties on the Debtors' Master Service List. A copy of this Application is available on (a) the Court's website, at www.txs.uscourts.gov, and (b) the website maintained by the Debtors' Claims and Noticing Agent, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/RunItOneTime/.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Order, granting the relief requested in this Application and such other and further relief as may be just and proper.

Signed: August 13, 2025                    Respectfully submitted,

/s/ *Jeff Seery*
Jeff Seery
Chief Restructuring Officer

**CERTIFICATE OF SERVICE**

    I certify that on August 13, 2025 a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

                                                  */s/ Timothy A. ("Tad") Davidson II*
                                                  Timothy A. ("Tad") Davidson II