United States Bankruptcy Court
Southern District of Texas

**ENTERED**

August 15, 2025

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

---------------------------------------------------------- x
                                  :

In re:                                   :    Chapter 11

                                    :

RUNITONETIME LLC, *et al.*,             :    Case No. 25-90191 (ARP)

                                    :

          Debtors.[1]                    :    (Jointly Administered)

                                    :

---------------------------------------------------------- x

### FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE EXISTING CASH MANAGEMENT SYSTEM, (B) MAINTAIN EXISTING BUSINESS FORMS AND INTERCOMPANY ARRANGEMENTS, AND (C) CONTINUE INTERCOMPANY TRANSACTIONS; AND (II) GRANTING RELATED RELIEF
### [RELATES TO DOCKET NOS. 10, 61]

Upon the emergency motion (the "***Motion***")[2] of the Debtors for entry of a final order (this "***Final Order***") (i) authorizing, but not directing, the Debtors to (a) continue operating their existing Cash Management System, including, without limitation, to continue to maintain their existing accounts and business forms, (b) implement changes to the Cash Management System in the ordinary course of business insofar as such changes relate to the Debtors' participation in, or control of, the Cash Management System, including, without limitation, opening new or closing existing accounts owned by the Debtors, (c) continue to perform under and honor intercompany transactions among Debtors and non-Debtor affiliates in the ordinary course of business, (d) provide administrative expense priority for postpetition Intercompany Claims against the Debtors; (e) honor and pay all prepetition and postpetition Cash Management System Fees payable by the Debtors, and (f) continue utilizing the Credit Card Programs in the ordinary course and pay

---

[1] A complete list of the Debtors in the Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RunItOneTime/. The Debtors' mailing address is 12530 NE 144th Street, Kirkland, Washington 98304.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

prepetition amounts thereunder; (ii) waiving, on a conditional 45-day basis, certain requirements under section 345 of the Bankruptcy Code and the U.S. Trustee Guidelines; and (iii) authorizing and directing the financial institutions at which the Debtors maintain various accounts to (a) continue to maintain, service, and administer the Accounts and (b) debit the Accounts in the ordinary course of business on account of (I) electronic transfers (including wire transfers, book transfers, and ACH transfers) or checks drawn on the Accounts and (II) all amounts owed to the Banks for maintenance of the Accounts, including, without limitation, any account fees, credit card procession fees, service charges and other fees, costs, charges, chargebacks, and expenses associated with the Accounts and the Cash Management System, whether arising before or after the commencement of the Chapter 11 Cases; and (iv) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed the Motion, and the First Day Declaration, and the Interim Order entered on July 15, 2025; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      Subject to the terms of this Final Order, the Debtors are authorized, but not directed, to continue to maintain, and manage their cash pursuant to, the Cash Management System; to collect, concentrate, and disburse cash in accordance with the Cash Management System, including Intercompany Transactions; and to make ordinary course changes to their Cash Management System consistent with past practices without further order of the Court; *provided* that the Debtors shall provide five (5) business days' notice to the Official Committee of Unsecured Creditors (the "***Committee***") prior to making any material changes to their Cash Management System. To the extent the Committee objects to any such proposed change, the Debtors will not be authorized to implement the proposed change until the objection is either resolved by the Court or as otherwise agreed by the Debtors and the Committee.

2.      The Debtors are authorized, but not directed, to (i) designate, maintain, and continue to use any or all of their existing Accounts, including those listed on **Exhibit A** to the Motion, in the names and with the account numbers existing immediately before the Petition Date, (ii) to the extent of available funds, deposit funds in, and withdraw funds from, such accounts by all usual means, including, without limitation, checks, wire transfers, ACH transfers, and other debits, (iii) pay any Account Fees or other charges associated with the Accounts, whether arising before or after the Petition Date, and (iv) treat their prepetition Accounts for all purposes as debtor in possession accounts.

3.      The Debtors are authorized, but not directed, to, with the consent of the Required DIP Lenders (as defined in the DIP Term Sheet)[3] and the Committee, (i) open new Accounts and

---

[3]    The DIP Term Sheet is attached as Exhibit 1 to the Interim Order to the *Emergency Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Postpetition Financing and Use of Cash Collateral and (II) Granting Related Relief* (the "***Interim DIP Order***"), filed contemporaneously herewith.

close any existing Accounts in the ordinary course of business as they may deem necessary and appropriate, and any relevant bank is authorized to honor the Debtors' requests to open or close such Accounts; and (ii) enter into any ancillary agreements related to the foregoing, as they may deem necessary and appropriate; provided, that all accounts opened by any of the Debtors on or after the Petition Date at any bank, shall, for purposes of this Final Order, be deemed an Account as if it had been listed on **Exhibit A** to the Motion.

4.      The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations as set forth herein, to the extent that sufficient funds are on deposit in available funds in the applicable accounts to cover such payments.  The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

5.      The Debtors are authorized, but not directed, to continue the Credit Card Programs in the ordinary course and using, and performing their obligations under, the Credit Card Programs, including, without limitation, paying any obligations related thereto regardless of whether such obligations arose prior to or after the Petition Date.

6.      The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Chapter 11 Cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Final Order.

7.      The Banks with which the Debtors maintained Accounts as of the Petition Date are authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court for: (a) all drafts, checks, wire transfers, electronic funds transfers, ACH transfers, or other items drawn on the Debtors' accounts which are cashed or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (b) all checks or other items deposited in one of Debtors' accounts with the Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date; and (c) all undisputed prepetition and postpetition amounts outstanding, if any, owed to the Bank as Account Fees for the maintenance of the Cash Management System and charge back returned items to the Accounts in the ordinary course.

8.      The Banks shall not be liable to any party on account of:  (a) following the Debtors' representations, instructions, or presentations as to any order of the Court (without any duty of further inquiry); (b) the honoring of any prepetition checks, drafts, wires, electronic funds transfers, ACH transfers, or other items in a good faith belief or upon a representation by the Debtors that the Court has authorized such prepetition check, draft, wire, transfers, or other items; or (c) an innocent mistake made despite implementation of reasonable handling procedures.

9.      Those certain existing agreements relating to any Accounts or other cash management services between the Debtors, on the one hand, and the applicable Banks, on the other hand shall continue to govern the postpetition cash management relationship between such parties, and all of the provisions of such agreements shall remain in full force and effect.

10.      The Debtors are authorized pursuant to sections 363(c) and 364(a) of the Bankruptcy Code to continue to perform under and honor Intercompany Transactions in the

ordinary course of business, so long as such Intercompany Transactions are materially consistent with the Debtors' operation of their business in the ordinary course during the prepetition period, including with respect to transaction amounts; *provided* that the Debtors shall provide three (3) business days' notice to the advisors to the Committee of any postpetition cash payments on account of any Intercompany Transaction from Debtors to non-Debtors in excess of $500,000 on a monthly basis prior to undertaking any such transaction. To the extent the Committee objects to any such transaction, the Debtors will not be authorized to undertake the transaction until the objection is either resolved by the Court or as otherwise agreed by the Debtors and the Committee.

11.     All Intercompany Claims against one Debtor held by another Debtor arising after the Petition Date as a result of Intercompany Transactions shall be accorded administrative expense priority status in accordance with section 503(b) of the Bankruptcy Code; provided that all Intercompany Claims shall be junior and subordinate to any superpriority administrative expense claims or liens granted under the Interim DIP Order. For the avoidance of doubt, the relief granted in this Final Order with respect to the postpetition Intercompany Transactions and the Intercompany Claims resulting therefrom shall not constitute a finding as to the validity, priority, or status or any prepetition Intercompany Claim or any Intercompany Transaction from which such Intercompany Claim may have arisen, and the Debtors, the Committee, and any other party in interest expressly reserve any and all rights with regard to the validity, priority, or status of any prepetition Intercompany Claim or any Intercompany Transaction from which such Intercompany Claim may have arisen.

12.     Each Debtor shall continue to pay its own postpetition obligations with respect to Intercompany Claims, Intercompany Transactions, and any related obligations consistent with such Debtor's past practice, and in no event shall any of the Debtors pay for such obligations

incurred or owed by any non-Debtor affiliates in a matter inconsistent with past practices. The Debtors shall take all steps reasonably necessary, including directing non-Debtor affiliates, to reimburse such amounts and to ensure that any administrative priority claim or equivalent is enforceable under applicable law.

13.     The Debtors shall maintain accurate and detailed records of all transfers within the Cash Management System, including Intercompany Transactions and Intercompany Claims, so that all transfers and transactions shall be adequately and promptly documented in, traced, and ascertainable from, the Debtors' books and records. The Debtors shall maintain their books and records so as to provide a clear demarcation between prepetition and postpetition transactions, including for the purposes of determining administrative expense status, as applicable. The Debtors shall provide access to such records to the advisors to the Committee upon written reasonable request.

14.     Within thirty (30) days of the prior month's end following the Petition Date, the Debtors shall deliver to the Committee a summary of any Intercompany Transactions and Intercompany Claims for the preceding month applicable to such report that shall include (a) the name of the transferor; (b) the name of the transferee; (c) the amount of the Intercompany Transaction; and (d) the purpose of the Intercompany Transaction. The Debtors shall provide the advisors to the Committee with reasonable access to the Debtors and their advisors with respect to such summary. The rights of the Committee to seek (i) additional disclosures from the Debtors, and (ii) to avoid and recover, after obtaining requisite standing, any payment made by the Debtors on account of any Intercompany Claim, are expressly reserved and shall not be prejudiced by entry of the Interim Order or this Final Order.

15.     The Debtors will use commercially reasonable efforts to provide the Committee with historical Intercompany Transaction data as soon as reasonably practicable.  The Debtors and the Committee agree to work in good faith on any modifications to the reporting or advance notice provided for pursuant to this Final Order following the Committee's review of such information.

16.     To the extent that any of the Debtors' Accounts are not in compliance with section 345(b) of the Bankruptcy Code and any provision of the U.S. Trustee Guidelines, the Debtors shall have until August 28, 2025, without prejudice to seeking an additional extension or extensions, to come into compliance with section 345(b) of the Bankruptcy Code.  The Debtors may obtain a further extension of the time period set forth in this paragraph by entering into a written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order; provided, that nothing herein shall prevent the Debtors or the U.S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached.

17.     Notwithstanding the foregoing, a non-Debtor affiliate shall not setoff any postpetition obligations owed to a Debtor against any prepetition obligations owed by a Debtor to a non-Debtor affiliate to the disadvantage of the Debtors.

18.     The Debtors are authorized to continue using, as such forms were in existence immediately before the Petition Date, the Business Forms, without reference to any Debtors' status as a debtor in possession; *provided*, that once the Debtors have exhausted their existing stock of checks, the Debtors shall ensure that any new checks are clearly labeled "Debtor In Possession" as soon as it is reasonably practicable to do so.

19.     Nothing in the Motion or this Final Order, or any payment made pursuant to this Final Order, is intended to be or shall be deemed as (a) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors; (b) a waiver or limitation of the

Debtors' or any other party in interest's right to dispute the amount of, basis for, or validity of any claim on any grounds, including, but not limited to, the right of the Committee to seek to challenge the characterization of any Intercompany Claim as equity or a capital contribution; (c) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law; (d) a waiver of the obligation of any party in interest to file a proof of claim; (e) a promise or requirement to pay any particular claim; (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (h) an admission that any lien satisfied pursuant to the Motion is valid (and all rights to contest the extent, validity, or perfection or seek avoidance of all such liens are expressly reserved); (i) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (j) creating or perfecting in favor of any person or entity any security interest in the Debtors' assets, including cash, that did not exist as of the Petition Date; or (k) a determination as to the allocation of administrative expenses among the various Debtors and non-Debtors.  Any payment made pursuant to this Final Order is not, nor shall it be construed as, an admission to the validity of any claim or waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

20.     Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

21.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

22.     The Debtors are further authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Final Order.

23.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

Signed: August 15, 2025

Alfredo R Pérez
United States Bankruptcy Judge