United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 27, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------ x
:
In re: : Chapter 11
:
RUNITONETIME LLC, *et al.*, : Case No. 25-90191 (ARP)
:
Debtors.[1] : (Jointly Administered)
:
------------------------------------------------------------ x

### ORDER AUTHORIZING THE ASSUMPTION OF MASTER LEASE WITH AG PARK PLACE INVESTMENTS 1 LLC AND AG PARK PLACE INVESTMENTS 1 LLC 2
**[Relates to Docket No. 83]**

Upon the motion (the "*Motion*")[2] of the Debtors for entry of an order (this "*Order*") authorizing the assumption of the Master Lease, as more fully set forth in the Motion; and the Court having reviewed the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary, except as set forth in the Motion with respect to entry of this Order; and upon the record herein; and after due deliberation thereon; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief

---

[1] A complete list of the Debtors in the Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RunItOneTime/. The Debtors' mailing address is 12530 NE 144th Street, Kirkland, Washington 98304.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

granted herein; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Master Lease is assumed effective as of the date of entry of this Order, and the Debtors are authorized to perform all of their obligations thereunder.

2. The Debtors shall promptly pay the Cure Payment upon entry of this Order.

3. The Master Lease shall be binding and enforceable against the parties thereto in accordance with its terms.

4. The Debtors, in consultation with the Official Committee of Unsecured Creditors (the "*Committee*"), are authorized to enter into amendments, modifications, or waivers of terms to the Master Lease, from time to time as necessary, subject to the terms and conditions set forth therein and without further order of the Court; *provided*, that any amendment that is both material and adverse to the Debtors shall require Court approval.

5. The parties to the Master Lease reserve all rights and remedies under the terms of the Master Lease, subject to the applicable provisions of the Bankruptcy Code.

6. Subject to the Investigation Budget Cap (as defined in the Final DIP Order), the Committee's rights are fully reserved to assert through 11:59 p.m. (Central Time) on September 23, 2025 (the "*Transaction Challenge Period*") any and all claims and causes of action against Angelo Gordon arising out of the sale-leaseback transaction resulting in the Master Lease (the "*Transaction*"), including to challenge the validity, enforceability, and/or characterization of the Master Lease, and to seek any and all remedies, by filing (a) a complaint or motion, as applicable, asserting any claims or causes of action arising from the Transaction, or (b) if necessary, a motion seeking standing to bring any claims or causes of action arising from the Transaction. The Debtors

shall fully cooperate and promptly provide the Committee with all information reasonably requested in connection with the Committee's investigation of the Transaction. If the Committee has not timely filed a complaint or motion as set forth in this paragraph 6, by the expiration of the Transaction Challenge Period, then it will be forever barred and estopped from asserting any further challenges to the Transaction.

7. If the Master Lease is recharacterized as a disguised financing pursuant to a final non-appealable order resulting from a successful timely challenge prescribed by paragraph 6 of this Order, then the Cure Payment shall be deemed payment of principal; *provided*, that, subject to the Investigation Budget Cap (as defined in the Final DIP Order), the Committee's rights are fully reserved to challenge the validity, enforceability, extent, priority, and/or secured status of any purported liens and security interests related to any disguised financing after a successful challenge pursuant to this paragraph 6.

8. Subject to the Investigation Budget Cap (as defined in the Final DIP Order), the Committee's rights are fully reserved to challenge any administrative expense or other claims arising from any subsequent rejection of the Master Lease after its assumption.

9. Notice of the Motion is adequate under Bankruptcy Rule 6006(c) and the Bankruptcy Local Rules.

10. Notwithstanding Bankruptcy Rule 6006(d), to the extent applicable, or any other applicable Bankruptcy Rule, this Order shall be effective and enforceable immediately upon entry hereof.

11. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

4

12. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: August 27, 2025

_____
Alfredo R Pérez
United States Bankruptcy Judge