United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 02, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------ x
: 
In re: : Chapter 11
: 
RUNITONETIME LLC, *et al.*, : Case No. 25-90191 (ARP)
: 
Debtors.[1] : (Jointly Administered)
: 
------------------------------------------------------------ x

### CORRECTED ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS
[Relates to Docket No. 120]

Upon the motion (the "***Motion***")[2] of the above-captioned debtors (the "***Debtors***") for entry of an order (this "***Order***") establishing procedures for interim compensation and reimbursement of expenses for professionals and official committee members, all as more fully set forth in the Motion; and the Court having reviewed the Motion; and the Court having jurisdiction to consider the Motion; and the relief requested therein in accordance with 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and the Court having determined that there is good and sufficient cause for the relief granted in this order, it is hereby

---

[1] A complete list of the Debtors in the Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RunItOneTime/. The Debtors' mailing address is 12530 NE 144th Street, Kirkland, Washington 98304.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

**ORDERED, ADJUDGED AND DECREED THAT**:

1. All Professionals in the Chapter 11 Cases may seek compensation in accordance with the following procedures (collectively, the "***Compensation Procedures***"):

   a. On or after the fifth day of each month following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses who (a) has been, or is hereafter, retained pursuant to sections 327 or 1103 of the Bankruptcy Code and (b) is not retained as an Ordinary Course Professional, shall send a reasonably detailed monthly statement indicating the nature of the services rendered and expenses incurred (each, a "***Monthly Fee Statement***"), by e-mail, to the following parties (collectively, the "***Notice Parties***"):

      i. the Debtors, RunItOneTime LLC, 12530 NE 144th Street, Kirkland, Washington 98304, USA Attn: Jeff Seery (js@maverickgaming.com);

      ii. proposed co-counsel to the Debtors, Latham & Watkins LLP, 355 South Grand Avenue, Suite 100, Los Angeles, California 90071, Attn: Helena G. Tseregounis and Nicholas J. Messana (helena.tseregounis@lw.com and nicholas.messana@lw.com);

      iii. proposed co-counsel to the Debtors, Hunton Andrews Kurth LLP, 600 Travis Street, Suite 4200, Houston, Texas 77002, Attn: Tad Davidson, Ashley Harper, and Philip Guffy (taddavidson@hunton.com, ashleyharper@hunton.com, and pguffy@hunton.com);

      iv. the Office of the U.S. Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Jayson B. Ruff and Vianey Garza (jayson.b.ruff@usdoj.gov and vianey.garza@usdoj.gov);

      v. counsel to the Ad Hoc Group and Backstop Parties, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Ryan Preston Dahl, Daniel Gwen, and Margaret R. Alden (ryan.dahl@ropesgray.com, daniel.gwen@ropesgray.com, and margaret.alden@ropesgray.com) and Porter Hedges LLP, 1000 Main St., 36th Floor, Houston, Texas 77002, John F. Higgins, M. Shane Johnson, Megan Young-John, and James A. Keefe (jhiggins@porterhedges.com, sjohnson@porterhedges.com, myoung-john@porterhedges.com, and jkeefe@porterhedges.com);

      vi. proposed counsel to the Committee, Morrison & Foerster LLP, 300 Colorado Street, Suite 1800, Austin, Texas 78701 (Attn: Lorenzo Marinuzzi) (lmarinuzzi@mofo.com) and 250 West 55th Street, New

        York, New York 10019 (Attn: Doug Mannal, Theresa Foudy, Benjamin Butterfield, and Raff Ferraioli) (dmannal@mofo.com, tfoudy@mofo.com, bbutterfield@mofo.com, and rferraioli@mofo.com); and

    vii.    any other statutory committees appointed in the Chapter 11 Cases.

Any Professional that fails to submit a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Statements shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and applicable law. The first Monthly Fee Statement submitted by each Professional serving as of the Petition Date will cover the period from the Petition Date through and including August 30, 2025. Thereafter, each Monthly Fee Statement shall cover one calendar month (except to the extent that a Professional files a consolidated Monthly Fee Statement, as set forth above).

b.    Each Notice Party will have until 4:00 p.m. (prevailing Central Time) on the day that is fourteen (14) days after delivery of a Monthly Fee Statement (the "***Objection Deadline***") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. Upon the expiration of the Objection Deadline, the Debtors shall promptly pay the applicable Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement (the "***Actual Monthly Payment***") that are not subject to an objection pursuant to subparagraph (c) below.

a.    If any Notice Party objects to a Professional's Monthly Fee Statement, such party must serve via e-mail on such Professional and each other Notice Party a written objection (an "***Objection***") so as to be received on or before the Objection Deadline. Any such Objection must identify with specificity the objectionable fees or expenses, including the amount of such objected-to fees or expenses, and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution within fourteen (14) days after delivery of the Objection or such later date as both parties agree (the "***Resolution Period***"), the objecting party shall file its Objection with this Court within three (3) business days of the expiration of the Resolution Period and serve such Objection on the affected Professional and each of the other Notice Parties. Thereafter, the affected Professional may either (i) file a response to the Objection with this Court or (ii) forego payment of the amount subject to Objection until the next Interim Fee Application or Final Fee Application hearing, at which time the affected Professional may request that this Court consider the Objection. For the avoidance of doubt, the applicable Professional may receive payment of any of the Actual Monthly Payment that is not subject to Objection after the expiration of the Objection Deadline.

      b.      Beginning with the period ending October 31, 2025, and at three (3) month intervals thereafter (each, an "***Interim Fee Period***"), each Professional shall file with this Court and serve on the Notice Parties an interim fee application (an "***Interim Fee Application***") for allowance of compensation and reimbursement of expenses sought in the Monthly Fee Statements submitted during such Interim Fee Period and prepared in accordance with the Compensation Procedures.  Interim Fee Applications may be filed after the close of each Interim Fee Period.  Interim Fee Applications must comply with sections 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of this Court.  The Notice Parties will have twenty-one (21) days after service of an Interim Fee Application to object thereto.  The first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including October 31, 2025.  Notwithstanding anything to the contrary in the Compensation Procedures, a Professional may file a combined Interim Fee Application with its fee application for final allowance of compensation and reimbursement of expenses (a "***Final Fee Application***" and, together with the Interim Fee Applications, the "***Applications***").

      c.      This Court, in its discretion, may approve an uncontested Interim Fee Application or Final Fee Application without the need for a hearing, upon the Professional's filing of a certificate of no objection.  Upon allowance by this Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

      d.      The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses not previously paid pursuant to the Compensation Procedures, unless otherwise ordered by this Court.

2.      Neither (i) the payment of or the failure to pay, in whole or in part, a Monthly Fee Statement under the Compensation Procedures nor (ii) the filing of or failure to file an Objection with the Court will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals.  All fees and expenses paid to Professionals under the Compensation Procedures are subject to challenge and disgorgement until final allowance by the Court.

3.      Each member of the Committee is permitted to submit statements of expenses incurred in the performance of the duties of the Committee (excluding third-party counsel expenses of individual Committee members) and supporting vouchers to the Committee's counsel, which

counsel shall collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures.

4. The Professionals shall serve the Monthly Fee Statements only on the Notice Parties and shall file Applications with this Court. The Professionals shall serve Hearing Notices concerning Applications on all other parties that have filed a notice of appearance with the clerk of this Court and requested notice of pleadings in the Chapter 11 Cases.

5. A Professional shall not seek payment in a Final Fee Application for any amounts that such Professional previously sought in a Monthly Fee Statement or Interim Fee Application if (i) such Professional voluntarily waived or reduced such amounts to resolve formal or informal objections or (ii) such amounts were disallowed by order of this Court.

6. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

8. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all actions necessary or appropriate to implement the relief granted in this Order in accordance with the Motion.

11. The Court retains exclusive jurisdiction regarding the implementation, interpretation, or enforcement of this Order.

Signed: September 02, 2025

_____
Alfredo R Pérez
United States Bankruptcy Judge