IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| RUNITONETIME LLC, *et al.*,[1] | § | |
| | § | Case No. 25-90191 (ARP) |
| | § | |
| Debtors. | § | |
| | § | (Jointly Administered) |

<u>**EMERGENCY**</u> **MOTION OF VANTUM CAPITAL, LLC FOR ORDER
CONTINUING DEADLINES AND DATES RE MOTION FOR SALE
<u>OF CERTAIN OR ALL OF DEBTORS' ASSETS</u>**

**Emergency relief has been requested. Relief is requested not later than 10:00 a.m. (prevailing Central Time) on October 1, 2025.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on [TBD] in Courtroom 400, 4th floor, 515 Rusk Street, Houston, Texas 77002. You may attend the hearing either in person or by audio/video communication.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Perez's conference room number is 282694. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Perez's homepage. The meeting code is "JudgePerez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of both electronic and inperson hearings. To make your appearance, click the "Electronic Appearance" link on Judge Perez's homepage. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RunItOneTime/. The Debtors' mailing address is 12530 NE 144th Street, Kirkland, Washington 98304.

Page 1

Vantum Capital, LLC ("**Vantum**") respectfully states as follows in support of this emergency motion ("**Motion**"):

## RELIEF REQUESTED

Vantum is an Interested Party and Prospective Bidder for the MainCo assets of the Debtors that are being offered for sale pursuant to the Sale Order.[2] By this Motion, Vantum seeks entry of an order (the "**Proposed Order**"), substantially in the form attached hereto, (i) continuing the deadline to submit bids in connection with the auction sale of the Debtors' MainCo assets, presently October 1, 2025, to **October 8, 2025**; (ii) continuing the date of the auction, presently October 3, 2025 at 10:00 a.m. (prevailing Central Time), to **October 10, 2025 at 10:00 a.m. (prevailing Central Time)**; (iii) continuing the deadline to file any objection to the sale to **October 14, 2025**; and (iv) continuing the sale hearing, presently October 9, 2025 at 10:00 a.m. (prevailing Central Time), to **October 16, 2025 at 10:00 a.m. (prevailing Central Time)**.

## JURISDICTION AND VENUE

The United States Bankruptcy Court for the Southern District of Texas (this "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157, and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory and legal predicates for the relief requested herein are sections 105(a), 363, and 364 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 9013-1 of the Bankruptcy Local

---

[2] Capitalized terms used in this Objection and not otherwise defined have the meanings given to them in the *Debtors' Emergency Motion for Entry of Orders (1) Establishing Bidding, Noticing, and Assumption and Assignment Procedures, (I) Approving the Sale of Certain or All of the Debtors' Assets, and (II) Granting Related Relief* [Doc. No. 93].

Page 2

Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), and the Procedures for Complex Cases in the Southern District of Texas.

## BACKGROUND

On July 14, 2025 (the "**Petition Date**"), the Debtors each commenced with the Court a voluntary case (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. On July 25, 2025, the U.S. Trustee appointed an official committee of unsecured creditors (the "**Committee**") [Docket No. 81]. No trustee or examiner has been appointed in the Chapter 11 Cases.

The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

On August 28, 2025, the Court entered its *Order (I) Establishing Bidding, Noticing, and Assumption procedures, and (II) Granting Related Relief* entered August 28, 2025 [Doc. No. 178] ("**Bid Procedures Order**"), which governed, among other things, the procedures for Interested Parties and Prospective Bidders to submit bids for the purchase of the Debtors' MainCo assets. The Bid Procedures Order set an initial deadline of September 17, 2025, at 4:00 p.m. (prevailing Central Time) ("**Initial Bid Deadline**") for Prospective Bidders to submit bids.

Since August 2025, Vantum had been actively engaged in efforts to perform due diligence and prepare a qualified bid for the MainCo assets being sold pursuant to the Court's Bid Procedures Order. Despite repeated good-faith efforts, the Debtors and their advisors—principally GLC Advisors & Co., LLC ("**GLC**")—have engaged in conduct that has obstructed Vantum's diligence, chilled its participation, and threatened the fairness of the sale process.

Specifically, Vantum requested basic diligence materials including: (i) property-level site access, (ii) project-level capital expenditure detail, and (iii) responses to lender underwriting questions. These requests were met with refusals, delays, and conditions not required under the Bid Procedures Order. For example, GLC insisted that Vantum provide fully committed financing before it would provide the very diligence materials that our lenders required in order to finalize commitments, creating a "catch-22."

While other bidders were allowed site inspections, Vantum was denied property access until after filing its Objections (as defined below). This discriminatory treatment deprived Vantum of essential diligence and created an uneven playing field.

Notwithstanding these obstacles, on September 10, 2025, Vantum secured $75 million in binding senior secured debt financing from JMB Capital Partners Lending, LLC. ("**JMB**") A true and correct copy of the commitment letter is attached to the Objections as Exhibit 1. The only material conditions to closing were tied to diligence that the Debtors and their advisors were withholding.

GLC misrepresented Vantum's financing to creditors and consultation parties, portraying us as not 'real' and lacking capital, while disguising their own inaction as Vantum's misfortune. By shifting blame, GLC undermined Vantum's credibility with key stakeholders. These misrepresentations damaged Vantum's standing in the process and chilled its ability to compete.

On September 12 and 13, 2025, GLC representatives told Samuel R. Rattner, Vantum's CEO, directly that Vantum was "asking questions other bidders did not need answered" and that GLC was "not going to waste their time" responding. This confirmed that GLC was deliberately withholding material diligence while simultaneously faulting Vantum for requesting it.

On September 17, 2025, Vantum filed its Amended Objection to Sale Process Conducted under Order (I) Establishing Bidding, Noticing, and Assumption Procedures, and (II) Granting Related Relief [Doc. No. 448] ("**First Objection**"), requesting that Vantum be provided immediate access to diligence materials and assurance that Vantum would not be disqualified as a bidder based on financing contingencies caused by the Debtors' own withholding of information, among other relief.[3]

On September 18, 2025, after the bid deadline extension was filed, Vantum submitted a consolidated diligence request list to remove any excuse for delay. For the next five days, despite constant follow ups, through September 23, Vantum received no response at all. That afternoon, GLC finally replied but conditioned Vantum's continued participation—including site access—on (i) withdrawing the First Objection and (ii) completing all diligence by October 1, all while refusing to provide or even acknowledge the requested records.

As a result of this conduct, Vantum was deprived of a fair and reasonable opportunity to prepare a qualified bid within the original deadlines.  This is why, on September 23, 2025, Vantum filed its Second Amended Objection to Sale Process Conducted under Order (I) Establishing Bidding, Noticing, and Assumption Procedures, and (II) Granting Related Relief [Doc. No. 479] ("**Second Objection**" and, together with the First Objection, the "**Objections**").  In the Second Objection, Vantum requested that the Court compel production of basic financial records (bank statements, general ledgers) and extend the bid deadline to October 8, 2025, to restore the diligence time lost to Vantum.

After Vantum filed its Second Objection, the Debtors extended the bid deadline by two weeks, to October 1, 2025. However, during the six days immediately following that extension,

---

[3] The First Objection was titled "Amended Objection" because the original objection omitted a copy of the JMB commitment letter as an exhibit.

the Debtors and GLC did not respond to any of Vantage's messages regarding outstanding diligence requests.

On September 23, 2025—six days after the extension—GLC finally sent an email response. Instead of addressing Vantum's diligence requests, GLC conditioned Vantum's continued participation in the sale process, including its ability to visit the assets, on the withdrawal of the Second Objection. This placed us in an untenable position: waive our rights and abandon Vantum's Second Objection or be excluded from the sale.

The following day, September 24th, Mr. Rattner and other Vantum representatives participated in a conference call that included Latham & Watkins (counsel to the Debtors). During that call, Latham specifically asked GLC whether it could provide Vantum the requested financial records. GLC's representatives acted as though they did not have the materials, described the request as a "big ask," and repeatedly said that resources were "thin."

On that same call, GLC told the Vantum representatives GLC would work with Vantum on a revised bid deadline and auction extension, provided the sale hearing date remained fixed. Vantum agreed to that approach and requested that the bid deadline be extended until October 8, 2025. Yet when GLC followed up by email, their tone shifted, and GLC representatives said GLC would need to 'check with the consultation parties'—a position entirely inconsistent with what had just been agreed on the call.

On Wednesday, September 24, 2025, GLC finally agreed to schedule site visits. Then, on Thursday, September 25, 2025, the Debtors produced the very financial records they had claimed for nearly seven weeks were unavailable. Vantum received those financial records <u>only two business days ago</u>. Vantum's lender, JMB, which has committed $75 million in financing to this transaction, is currently reviewing these financial records in order to finalize its underwriting.

In addition, Vantum immediately began on-site diligence once access was finally granted. On Friday, September 26, and again on Monday, September 29, Vantum representatives traveled across the country to tour all the assets being sold.

Meanwhile, Vantum continued to wait for confirmation that the bid deadline would be extended until October 8, consistent with what GLC had represented on the call with Vantum. After five days of silence, the Debtors and their advisors came back and informed Vantum that they had decided not to extend the bid deadline or auction, despite earlier assurances that they would work with us to do so.

The Debtors' production of financial records on September 25, coupled with scheduling site visits for September 26 and 29—just three business days before the October 1 bid deadline—was wholly impracticable. Although Vantum were able to complete the site visits, it is unreasonable to expect Vantum or its lenders to complete underwriting and analysis of those findings in such a compressed time frame.

Based on Vantum's recent discussions with lenders, it is clear these lenders are receptive to Vantum's proposed transaction. This makes the Debtors' resistance to information flow and their opposition to a short extension of the bid deadline all the more puzzling. Vantum is working with reputable institutions—Jefferies and JMB—as well as a credible management team aligned with its bid. Had the Debtors provided timely access, the original two-week extension would have been sufficient. Instead, the Debtors waited nearly a week to deliver critical information, which only came after Vantum was compelled to file the Second Objection, leaving Vantum in an artificially compressed timeline not of Vantum's making.

Throughout the process described above, the Debtors and their advisors have repeatedly stated one position orally, only to memorialize a materially different position in subsequent written

communications. This pattern creates a paper trail suggesting reasonableness while in fact undermining the transparency and reliability of the process. For example, after initially agreeing on a call to work with Vantum on a bid deadline extension, GLC later sent an email reversing course—stating it would <u>not</u> agree to an extension, and if Vantum could not complete diligence by October 1, Vantum should "let them know." Such language, devoid of any firm or certain deadline, renders it impossible for bidders and their financing sources to understand the parameters of the process or commit capital with confidence. A sale process premised on shifting oral assurances contradicted by written communications does not provide the predictability and structure required by the Bid Procedures Order, which is necessary for a fair and competitive auction.

## BASIS FOR RELIEF

The stated purpose for the bid procedures set forth in the Bid Procedures Order is to promote "*Competitive Bidding*". Bid Procedures Order, II.2. As described above and in the accompanying declaration of Sammuel R. Rattner, the Debtors and their financial advisors have acted to *prevent* competitive bidding to the detriment not only of Vantum as a Prospective Bidder, but of all creditors in theses case who rightly expect the Debtors to administer their estates in such a way as to maximize the value of estate assets. As such, the Debtors' efforts, and those of its financial advisors, to prevent Vantum from accessing diligence material are at odds with the Debtors' fiduciary obligations to creditors.

By this Motion, Vantum seeks only to have the bid deadline extended an additional <u>seven days</u>, through October 8, 2025, with corresponding adjustments to the auction date, sale objection deadline and sale hearing, so that it can complete its diligence review and qualify for the financing with JMB described above and in the commitment letter attached to the Objections. Given that the current bid deadline is tomorrow, October 1, 2025, Vantum files this Motion on an emergency

basis, and respectfully requests that Court enter the attached Proposed Order (i) continuing the deadline to submit bids in connection with the auction sale of the Debtors' MainCo assets, presently October 1, 2025, to <u>October 8, 2025</u>; (ii) continuing the date of the auction, presently October 3, 2025 at 10:00 a.m. (prevailing Central Time), to <u>October 10, 2025 at 10:00 a.m. (prevailing Central Time)</u>; (iii) continuing the deadline to file any objection to the sale to <u>October 14, 2025</u>; and (iv) continuing the sale hearing, presently October 9, 2025 at 10:00 a.m. (prevailing Central Time), to <u>October 16, 2025 at 10:00 a.m. (prevailing Central Time)</u>.

**WHEREFORE**, for the foregoing reasons, Vantum requests that the Court grant this Motion and enter the Proposed Order (i) continuing the deadline to submit bids in connection with the auction sale of the Debtors' MainCo assets, presently October 1, 2025, to <u>October 8, 2025</u>; (ii) continuing the date of the auction, presently October 3, 2025 at 10:00 a.m. (prevailing Central Time), to <u>October 10, 2025 at 10:00 a.m. (prevailing Central Time)</u>; (iii) continuing the deadline to file any objection to the sale to <u>October 14, 2025</u>; and (iv) continuing the sale hearing, presently October 9, 2025 at 10:00 a.m. (prevailing Central Time), to <u>October 16, 2025 at 10:00 a.m. (prevailing Central Time)</u>, and (v) granting such other and further relief as the Court deems just and proper.

Dated:  September 30, 2025

        Respectfully submitted,

        */s/ James H. Billingsley*
James H. Billingsley
Texas Bar No. 00787084
JBillingsley@duanemorris.com
Geoffrey A. Heaton
Texas Bar No. 24145965
gheaton@duanemorris.com
DUANE MORRIS LLP
100 Crescent Court, Suite 1200
Dallas, Texas 75201
Telephone: 214.257.7200

*Counsel to Vantum Capital, LLC*

## **CERTIFICATE OF SERVICE**

I certify that a copy of this objection was served through the Bankruptcy Court's electronic transmission facilities on September 23, 2025, as permitted by Federal Rule of Bankruptcy Procedure 9036. I further certify that a copy of this objection was served by electronic mail on the following counsel:

Timothy Alvin Davidson, II
Andrews Kurth LLP
600 Travis
Ste 4200
Houston, TX 77002
Via email: taddavidson@hunton.com

Helena Tseregounis
Latham & Watkins LLP
10250 Constellation Blvd. Suite 1100
Los Angeles, CA 90067
Via email: helena.tseregounis@lw.com

Lorenzo Marinuzzi
Morrison Foerster LLP
250 W. 55th Street
New York, NY 10019-9601
Via email: lmarinuzzi@mofo.com

Vianey Garza
Office of the U.S. Trustee
515 Rusk Street, Suite 3516
Houston, TX 77002
713-718-4663
vianey.garza@usdoj.gov

                                                  */s/ James H. Billingsley*
                                                   James H. Billingsley