IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------ x
                                                  :

In re:                                      :    Chapter 11

RUNITONETIME LLC, *et al.*,          :    Case No. 25-90191 (ARP)

              Debtors.[1]                    :    (Jointly Administered)

------------------------------------------------------------ x

**DEBTORS' (I) OBJECTION TO THE VANTUM EMERGENCY MOTION AND
(II) REPLY TO THE VANTUM OBJECTIONS REGARDING THE SALE PROCESS**

The above-captioned debtors in possession (collectively, the "**Debtors**" or the "**Company**"),[2] submit this (i) objection to the *Emergency Motion of Vantum Capital, LLC for Order Continuing Deadlines and Dates re Motion for Sale of Certain or All of Debtors' Assets* [Docket No. 510] (the "**Vantum Emergency Motion**") and (ii) reply to Vantum Capital LLC's ("**Vantum**") objections [Docket Nos. 448 and 479] (the "**Vantum Objections**") to the Debtors' Sale process (the "**Objection**"). In support of the Objection, the Debtors submit the declaration of Michael Sellinger in support of the Objection (the "**Sellinger Declaration**"), filed contemporaneously herewith and incorporated herein by reference, and respectfully state as follows[3]:

---

[1] A complete list of the Debtors in the Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RunItOneTime/. The Debtors' mailing address is 12530 NE 144th Street, Kirkland, Washington 98304.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Bidding Procedures.

[3] The Vantum Emergency Motion was filed on September 30, 2025 and the Court set a status conference for today, October 1, 2025. The Debtors have submitted this Objection in the interest of time and to provide the Court additional context ahead of the status conference. The Debtors reserve all rights to submit additional evidence and legal support in support of the Objection.

**OBJECTION**

**I.      The Debtors Have Engaged with Vantum in Good Faith Since They Entered the Sale Process.**

1.      The Debtors have engaged with Vantum on the same timeline and in the same manner as they have with all other prospective or actual bidders in the Sale process. The Debtors and their advisors have run an inclusive, comprehensive marketing and Sale process from the outset. Since the Petition Date, the Debtors' investment banker, GLC, has contacted nearly 130 parties in connection with the Sale process, with 47—including Vantum—signing NDAs and receiving access to the virtual data room (the "*VDR*") for prospective bidders. GLC, on behalf of the Debtors, has worked with Vantum in an attempt to turn their participation into an actionable bid.

2.      Vantum executed its NDA on August 20, 2025, and it received access to the VDR the same day. As of the filing of this Objection, Vantum and its advisors have had access to the VDR for six weeks. GLC maintains and continually updates the VDR in real time, with all bidders who have been provided with access receiving the same information, to maintain a level playing field. Accordingly, the VDR contains substantially all written diligence and information that all other potential bidders have received.

3.      On August 20, 2025 (the date of the IOI Deadline under the Bidding Procedures), Vantum submitted its initial indication of interest ("*IOI*"). Among other things, the Bidding Procedures require that indications of interest include (a) disclosure of the identity of the Prospective Bidder, including details regarding its ownership and capital structure, (b) a description of the key components of the bid, including the specific Assets sought, (c) the proposed purchase price for such Assets, and (d) evidence acceptable to the Debtors demonstrating the prospective bidder's financial wherewithal, including identification of third-party financing

2

sources and the amount of such financing.[4] Vantum's IOI effectively contained none of these key terms. It contained no purchase price, instead expressing a potential interest in the Debtors' Assets. The IOI also did not include any details regarding Vantum's external financing sources, noting that Vantum was prepared to verify its financial capacity and closing certainty through subsequent communications. To date, the Debtors have still yet to receive critical information regarding Vantum's principals, financial wherewithal and third-party financing to support a bid, despite repeated requests. In addition, GLC attempted to independently ascertain information regarding Vantum's identity, principals, and financial resources through various public sources and was unable to do so.

4. Vantum's revised IOI, submitted on August 26, 2025, similarly failed to provide adequate information. Vantum's updated submission indicated that it intended to raise debt and equity capital to finance its proposed transaction for the Debtors' casino Assets, but provided no information about the financing sources. The Debtors, however, still permitted Vantum to continue to participate in the process. GLC reached out to Vantum's principals the following day to confirm that Qualified Bids would require fully committed financing and further request information on Vantum's proposed financing sources.

5. These deficiencies alone would permit the Debtors to decline to move forward with a Prospective Bidder.[5] The Debtors' management is stretched incredibly thin supporting multiple sale processes while operating the Debtors' businesses and administering the chapter 11 estates.

---

[4] Bidding Procedures § III(b)(1)(a)–(d).

[5] The Bidding Procedures expressly provide that Prospective Bidders must comply with reasonable requests for additional information by the Debtors or their advisors regarding the ability to consummate the contemplated transaction, and failure to provide information requested by the Debtors may be a basis for the Debtors, in consultation with the Consultation Parties, to determine that such bidder is no longer a Prospective Bidder. Bidding Procedures § III(b).

Nonetheless, the Debtors have afforded Vantum multiple opportunities to remedy the deficiencies in its bid and provide information requested by the Debtors.

6. Vantum finally provided information, however limited, regarding its proposed financing on September 11, 2025—with only six days remaining until the Qualified Bid Deadline—in a further revised IOI. Despite Vantum's assertions that "[t]he only material conditions to closing" in its third-party debt financing proposal "were tied to diligence that the Debtors' and their advisors were withholding,"[6] the proposal attached to its Objections clearly contains numerous significant contingencies that are not tied to any diligence available to the Debtors or that the Debtors are able to provide, including EBITDA and revenue variance testing as of the "Closing Date,"[7] Vantum's proposed third-party lender's approval of the go-forward management team, and appraisal of the Assets to be acquired by a "third-party, nationally recognized appraiser" to be approved by Vantum's proposed third-party lender.[8]

7. The proposal also relies on the Existing Lenders agreeing to accept takeback equity to finance a meaningful portion of the bid, yet provides no indication that the Existing Lenders have agreed to this arrangement and on what terms (it is the Debtors' understanding that such an agreement still has not been reached as of the filing of this Objection). GLC also requested information on Vantum's own equity capital sources and received no concrete information in response. In short, financing of this nature did not meet the requirements of the Bidding Procedures.[9] Accordingly, GLC informed Vantum that the financing information in its current

---

[6] See Vantum Emergency Motion at 4.

[7] "Closing Date" is defined as 360 days after September 10, 2025, meaning the commitment was contingent on Company performance for nearly a year.

[8] See Ex. 1, Vantum Objections, at 2.

[9] Bidding Procedures § III(b)(1)(d) (requiring IOIs to provide "[e]vidence acceptable to the Debtors demonstrating the financial wherewithal of the Prospective Bidder to close the transaction").

state would not be sufficient for a Qualified Bid, given the various debt financing contingencies and lack of firm equity financing.

8. The Debtors, however, continued to engage with Vantum. GLC discussed its concerns regarding the financing proposal with Vantum's principals the following day on September 12, and also followed up with the Existing Lenders regarding the proposed takeback equity provision. The result of this outreach revealed that there was no agreement on the takeback equity with the Existing Lenders.

9. Despite this, the Debtors and their advisors have continued working with Vantum. On Thursday, September 25, counsel to the Debtors noted that the diligence list provided by Vantum was overly broad and included a number of items that were already in the VDR and asked that Vantum review the diligence and advise as to what else was outstanding. The Debtors have yet to receive a response. Further, responses to the specific requests that have been made by Vantum in recent weeks, to the extent they exist, were already included in the VDR or have been provided. In particular, the financial information that Vantum described as "basic" is granular and highly confidential, including historical bank statements and accounting general ledgers. Notably, Vantum was the only potential bidder that requested this highly specific data and it was shared with them as soon as management provided such information to GLC.[10]

## II. Vantum Has Been Offered an Extension to the Sale Process.

10. On a September 24 conference call and in subsequent email correspondence, the Debtors, in agreement with the Consultation Parties, stated that, while they requested that Vantum continue to work towards the October 1 Qualified Bid Deadline (because the Debtors still had significant open questions regarding Vantum's ability to provide sufficient evidence of financing),

---

[10] *See* Vantum Emergency Motion at 5.

if Vantum was unable to provide a bid by October 1, the Debtors would confer with Vantum to consider whether an extension would potentially lead to a Qualified Bid. Vantum did not respond to the Debtors' offer.

11.     Perhaps most importantly, the Debtors cannot unilaterally extend the sale timeline under the Final DIP Order without the support of the Existing Lenders. Following the filing of the Vantum Emergency Motion, the Existing Lenders told Vantum they would agree to a modest extension of the Sale timeline to provide a Bid Deadline of October 3, and Auction on October 6, subject to providing a revised IOI (including revised terms of any proposed third-party debt financing and takeback equity), identifying remaining diligence and refraining from all further litigation that is disruptive to the sale process and costly to the estates. Vantum has not responded as of the filing of the Objection.

12.     Although the Debtors welcome Vantum's continued participation in the process and hope that they can get to a Qualified Bid, the Debtors are not in a position at this time to extend the Sale timeline for all the reasons stated above.

## CONCLUSION

13.     For the reasons set forth herein, the Debtors respectfully request the Court deny the Vantum Extension Motion and overrule the Vantum Objections.

Dated: October 1, 2025
       Houston, Texas

Respectfully submitted,

*/s/ Timothy A. ("Tad") Davidson II*
**HUNTON ANDREWS KURTH LLP**
Timothy A. ("Tad") Davidson II (Texas Bar No. 24012503)
Ashley L. Harper (Texas Bar No. 24065272)
Philip M. Guffy (Texas Bar No. 24113705)
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone: (713) 220-4200
Email: taddavidson@hunton.com
      ashleyharper@hunton.com
      pguffy@hunton.com

- and -

**LATHAM & WATKINS LLP**
Jeffrey E. Bjork (admitted *pro hac vice*)
Helena G. Tseregounis (admitted *pro hac vice*)
Nicholas J. Messana (California Bar No. 332355)
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Email: jeff.bjork@lw.com
      helena.tseregounis@lw.com
      nicholas.messana@lw.com

- and -

**LATHAM & WATKINS LLP**
Ray C. Schrock (NY Bar No. 4860631)
Andrew Sorkin (NY Bar No. 4597944)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: ray.schrock@lw.com
      andrew.sorkin@lw.com

*Attorneys for the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I certify that on October 1, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

*/s/ Timothy A. ("Tad") Davidson II*
Timothy A. ("Tad") Davidson II
