IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § | |
| § | Chapter 11 |
| RUNITONETIME LLC, *et. al.*, § | |
| § | Case No. 25-90191 (ARP) |
| Debtors.[1] § | |
| § | (Jointly Administered) |
| § | RE: Docket No. 446 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
SONESTA RL HOTELS FRANCHISING INC. TO
DEBTORS' NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Sonesta RL Hotels Franchising Inc. ("Sonesta"), pre-petition creditor and contract counterparty with Debtors, by and through counsel, hereby files this Limited Objection and Reservation of Rights (the "Objection") to the *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [Dkt. No. 446] ("Cure Notice") filed by RunItOneTime, LLC and its affiliated debtors (collectively, the "Debtors") in the above-captioned chapter 11 cases (these "Chapter 11 Cases"). In support thereof, Sonesta respectfully states as follows:

**PRELIMINARY STATEMENT**

1.   Sonesta does not object to the potential assumption and assignment of the Agreements (defined below), provided that Sonesta receives the adequate assurance of future performance to which it is entitled to under the Bankruptcy Code. Sonesta objects solely on the basis that the Debtors' proposed Potential Cure Amounts (defined below) for the Agreements does not accurately reflect all pre-petition amounts owed to Sonesta.

---

[1] A complete list of the Debtors in the Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RunItOneTime/. The Debtors' mailing address is 12530 NE 144th Street, Kirkland, Washington 98304.

1

HB: 4925-1700-0813.2

**BACKGROUND**

2.  On July 14, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), commencing these Chapter 11 Cases.

3.  Debtors have continued to operate their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

4.  Prior to the Petition Date, Debtors entered into various Franchise Agreements with Sonesta, as well as various amendments and modifications and related agreements (the "Agreements").

5.  On September 17, 2025, the Debtors filed the Cure Notice, stating that the Debtor may assume and assign thirty (30) of the Agreements between Sonesta and the Debtors. The Cure Notice also lists potential cure amounts for each of the Agreements listed as follows:

| Debtor Name | Counterparty or Notice Party Name | Contract Description | (Proposed) Potential Cure Amount |
|---|---|---|---|
| Grand Z Casino Operator LLC | Sonesta RL Hotels Franchising Inc | Franchise Agreement | $53,335.03 |
| High Desert Operator LLC | Sonesta RL Hotels Franchising Inc | Franchise Agreement | $0.00 |
| Maverick Colorado LLC | Sonesta RL Hotels Franchising Inc | Franchise Agreement | $0.00 |
| Maverick Colorado LLC | Sonesta RL Hotels Franchising Inc | Amendment to Franchise Agreement | $0.00 |
| Maverick Colorado LLC | Sonesta RL Hotels Franchising Inc | Guaranty and Assumption of Obligations | $0.00 |
| Maverick Colorado LLC | Sonesta RL Hotels Franchising Inc | Representations and Acknowledgement Statement | $0.00 |
| Maverick Elko LLC | Sonesta RL Hotels Franchising Inc | Franchise Agreement | $0.00 |
| Maverick Elko LLC | Sonesta RL Hotels Franchising Inc | Amendment to Franchise Agreement | $0.00 |
| Maverick Elko LLC | Sonesta RL Hotels Franchising Inc | Guaranty and Assumption of Obligations | $0.00 |

| | | | |
|---|---|---|---|
| Maverick Elko LLC | Sonesta RL Hotels Franchising Inc | Representations and Acknowledgement Statement | $0.00 |
| Maverick NV LLC | Sonesta RL Hotels Franchising Inc | Franchise Agreement | $0.00 |
| Maverick NV LLC | Sonesta RL Hotels Franchising Inc | Amendment to Franchise Agreement | $0.00 |
| Maverick NV LLC | Sonesta RL Hotels Franchising Inc | Guaranty and Assumption of Obligations | $0.00 |
| Maverick NV LLC | Sonesta RL Hotels Franchising Inc | Representations and Acknowledgement Statement | $0.00 |
| Maverick Wendover LLC | Sonesta RL Hotels Franchising Inc | Franchise Agreement | $0.00 |
| Maverick Wendover LLC | Sonesta RL Hotels Franchising Inc | Amendment to Franchise Agreement | $0.00 |
| Maverick Wendover LLC | Sonesta RL Hotels Franchising Inc | Guaranty and Assumption of Obligations | $0.00 |
| Maverick Wendover LLC | Sonesta RL Hotels Franchising Inc | Representations and Acknowledgment Statement | $0.00 |
| Maverick Z Casinos LLC | Sonesta RL Hotels Franchising Inc | Franchise Agreement | $0.00 |
| Maverick Z Casinos LLC | Sonesta RL Hotels Franchising Inc | Amendment to Franchise Agreement | $0.00 |
| Maverick Z Casinos LLC | Sonesta RL Hotels Franchising Inc | Guaranty and Assumption of Obligations | $0.00 |
| Maverick Z Casinos LLC | Sonesta RL Hotels Franchising Inc | Representations and Acknowledgment Statement | $0.00 |
| Red Garter Operator, LLC | Sonesta RL Hotels Franchising Inc | Franchise Agreement | $89,646.37 |
| RunItOneTime LLC | Sonesta RL Hotels Franchising Inc | Franchise Agreement | $0.00 |
| RunItOneTime LLC | Sonesta RL Hotels Franchising Inc | Amendment to Franchise Agreement | $0.00 |
| RunItOneTime LLC | Sonesta RL Hotels Franchising Inc | Guaranty and Assumption of Obligations | $0.00 |
| RunItOneTime LLC | Sonesta RL Hotels Franchising Inc | Representations and Acknowledgment Statement | $0.00 |
| Wendover Nugget Operator, LLC | Sonesta RL Hotels Franchising Inc | Franchise Agreement | $145,787.82 |
| Red Lion Operator, LLC | Sonesta RL Hotels Franchising Inc | Franchise Agreement | $97,663.35 |
| Gold Country Operator, LLC | Sonesta RL Hotels Franchising Inc | Franchise Agreement | $58,928.80 |

HB: 4925-1700-0813.2

6. In relevant part, the Cure Notice improperly assigns the below-identified potential cure amounts (the "Proposed Cure Amounts") to the following Agreements, and Sonesta asserts that the correct cure amounts (the "Correct Cure Amounts") due under such Agreements are as follows:

| Debtor Name | Counterparty or Notice Party Name | Contract Description | (Proposed) Potential Cure Amount | Correct Cure Amount |
|---|---|---|---|---|
| Grand Z Casino Operator LLC | Sonesta RL Hotels Franchising Inc | Franchise Agreement | $53,335.03 | $54,535.34 |
| Red Garter Operator, LLC | Sonesta RL Hotels Franchising Inc | Franchise Agreement | $89,646.37 | $91,940.10 |
| Wendover Nugget Operator, LLC | Sonesta RL Hotels Franchising Inc | Franchise Agreement | $145,787.82 | $150,455.34 |
| Red Lion Operator, LLC | Sonesta RL Hotels Franchising Inc | Franchise Agreement | $97,663.35 | $102,424.61 |
| Gold Country Operator, LLC | Sonesta RL Hotels Franchising Inc | Franchise Agreement | $58,928.80 | $60,482.88 |

**LIMITED OBJECTION**

A. **Legal Standard**

7. A debtor may assume an executory contract pursuant to section 365(a) of the Bankruptcy Code only if: (1) all outstanding defaults under the lease or contract have been cured, (2) the debtor has provided adequate assurance that the debtor will continue to perform, and (3) the debtor's decision to assume to the lease or contract is supported by a valid business justification. 11 U.S.C. § 365(b); *see also In re National Gypsum Co.*, 208 F.3d 498, 506 (5th Cir. 2000) (citing *N.L.R.B. v. Blidsco & Blidsco*, 465 U.S. 513, 531 (1984)) ("Where the debtor assumes an executory contract, it must assume the entire contract, *cum onere*—the debtor accepts both the obligations and the benefits of the executory contract.").

8. Section 365(f) of the Bankruptcy Code provides, in part, that a chapter 11 debtor may assume and assign an executory contract to which the debtor is a party provided that the debtor

4

HB: 4925-1700-0813.2

assumes the contract in accordance with section 365 of the Bankruptcy Code (including the cure requirement) and provides adequate assurance of future performance by the assignee. 11 U.S.C. § 365(f)(2). In effect, section 365(f) of the Bankruptcy Code requires the proposed assignee to accept both the benefits and the burdens arising under an executory contract. *See In re National Gypsum Co.*, 208 F.3d at 506. Thus, courts cannot approve assumption and assignment until defaults have been cured. *In re Texas Rangers Baseball Partners*, 521 B.R. 134, 179 (Bankr. N.D. Tex. 2014) ("[A]ssumption and assignment, pursuant to section 365(f), require certain standards to be met by the debtor-in-possession—such as the debtor must cure defaults under the executory contract and must provide adequate assurance of future performance under the contract.").

9. Thus, the Debtors must cure their defaults under the Agreements before they can assume and assign the agreements. Sonesta objects to the Proposed Cure Amounts set forth in the Cure Notice, as follows.

**B. The Correct Cure Amount for the Franchise Agreement with Debtor Grand Z Casino Operator LLC is $54,535.34.**

10. The $53,335.03 proposed cure amount for the Franchise Agreement with Debtor Grand Z Casino Operator LLC set forth in the Cure Notice is incorrect and fails to cure the Debtors' default under said agreement as required under section 365(b) of the Bankruptcy Code.

11. Based on information available as of the date hereof, the Debtors owe Sonesta **$54,535.34** on account of unpaid pre-petition amounts owed under the Franchise Agreement as of July 13, 2025. A true and correct copy of a customer statement reflecting the outstanding pre-petition amounts owed by Debtor Grand Z Casino Operator LLC is attached hereto as **Exhibit A**. Accordingly, the proposed cure amount of $53,335.03 in the Cure Notice will not cure the monetary defaults owed by Debtor Grand Z Casino Operator LLC under its Franchise Agreement with Sonesta.

### C. The Correct Cure Amount for the Franchise Agreement with Debtor Red Garter Operator, LLC is $91,940.10.

12. The $89,646.37 proposed cure amount for the Franchise Agreement with Debtor Red Garter Operator, LLC set forth in the Cure Notice is incorrect and fails to cure the Debtors' default under said agreement as required under section 365(b) of the Bankruptcy Code.

13. Based on information available as of the date hereof, the Debtors owe Sonesta **$91,940.10** on account of unpaid pre-petition amounts owed under the Franchise Agreement as of July 13, 2025. A true and correct copy of a customer statement reflecting the outstanding pre-petition amounts owed by Debtor Red Garter Operator, LLC is attached hereto as **Exhibit B**. Accordingly, the proposed cure amount of $89,646.37 in the Cure Notice will not cure the monetary defaults owed by Debtor Red Garter Operator, LLC under its Franchise Agreement with Sonesta.

### D. The Correct Cure Amount for the Franchise Agreement with Debtor Wendover Nugget Operator, LLC is $150,455.34.

14. The $145,787.82 proposed cure amount for the Franchise Agreement with Debtor Wendover Nugget Operator, LLC set forth in the Cure Notice is incorrect and fails to cure the Debtors' default under said agreement as required under section 365(b) of the Bankruptcy Code.

15. Based on information available as of the date hereof, the Debtors owe Sonesta **$150,455.34** on account of unpaid pre-petition amounts owed under the Franchise Agreement as of July 13, 2025. A true and correct copy of a customer statement reflecting the outstanding pre-petition amounts owed by Debtor Wendover Nugget Operator, LLC is attached hereto as **Exhibit C**. Accordingly, the proposed cure amount of $145,787.82 in the Cure Notice will not cure the monetary defaults owed by Debtor Wendover Nugget Operator, LLC under its Franchise Agreement with Sonesta.

### E. The Correct Cure Amount for the Franchise Agreement with Debtor Red Lion Operator, LLC is $102,424.61.

16. The $97,663.35 proposed cure amount for the Franchise Agreement with Debtor Red Lion Operator, LLC set forth in the Cure Notice is incorrect and fails to cure the Debtors' default under said agreement as required under section 365(b) of the Bankruptcy Code.

17. Based on information available as of the date hereof, the Debtors owe Sonesta **$102,424.61** on account of unpaid pre-petition amounts owed under the Franchise Agreement as of July 13, 2025. A true and correct copy of a customer statement reflecting the outstanding pre-petition amounts owed by Debtor Red Lion Operator, LLC is attached hereto as **Exhibit D**.[2] Accordingly, the proposed cure amount of $97,663.35 in the Cure Notice will not cure the monetary defaults owed by Debtor Red Lion Operator, LLC under its Franchise Agreement with Sonesta.

### F. The Correct Cure Amount for the Franchise Agreement with Debtor Gold Country Operator, LLC is $60,482.88.

18. The $58,928.80 proposed cure amount for the Franchise Agreement with Debtor Gold Country Operator, LLC set forth in the Cure Notice is incorrect and fails to cure the Debtors' default under said agreement as required under section 365(b) of the Bankruptcy Code.

19. Based on information available as of the date hereof, the Debtors owe Sonesta **$60,482.88** on account of unpaid pre-petition amounts owed under the Franchise Agreement as of July 13, 2025. A true and correct copy of a customer statement reflecting the outstanding pre-petition amounts owed by Debtor Gold Country Operator, LLC is attached hereto as **Exhibit E**. Accordingly, the proposed cure amount of $58,928.80 in the Cure Notice will not cure the

---

[2] While Exhibit D reflects an amount due of $112,424.61, Sonesta represents that it owes the Debtors a credit of $10,000.00, which Sonesta has deducted from the amount due reflected in Exhibit D, associated with Debtor Red Lion Operator, LLC's Franchise Agreement.

7

HB: 4925-1700-0813.2

monetary defaults owed by Debtor Gold Country Operator, LLC under its Franchise Agreement with Sonesta.

20. Overall, Sonesta objects to the assumption (and assignment, where applicable) of the Agreements absent full payment of the Correct Cure Amounts, including any additional amounts due and owing under the Agreements following the date of this Objection and prior to the effective date of any assumption.

## RESERVATION OF RIGHTS

21. Sonesta expressly reserves its rights to supplement, modify, or amend this Objection and make such other and further objections to the Cure Notice until a final order is entered approving the cure amount due with respect to the Agreements. Moreover, Sonesta expressly reserves its rights to further object to the assumption and assignment of its agreements.

22. Nothing set forth herein shall constitute a waiver, discharge, or disallowance of any and all (a) rights, claims, causes of action, and defenses Sonesta has asserted, or may assert, with respect to any proofs of claim against the Debtors and (b) claims having administrative expense priority Sonesta may have against the Debtors.

23. Sonesta reserves the right to supplement the cure amounts set forth above as the Correct Cure Amounts and/or to seek allowance and payment of administrative expense priority claims with respect to any amounts that are due and owing to Sonesta from the Debtors as may be permitted under the Bankruptcy Code and any other applicable law.

## CONCLUSION

For the reasons set forth above, Sonesta respectfully requests that this Court (i) sustain this Objection; (ii) require that any order authorizing the assumption of the Agreements affirmatively require Debtors to pay the Correct Cure Amounts and all amounts accrued but not yet billed

8

following the date of this Objection and (iii) grant Sonesta such other and further relief, at law and in equity, as may be just and proper.

Dated: October 1, 2025.
      Dallas, Texas

Respectfully submitted,

**HUSCH BLACKWELL LLP**

 /s/ *Buffey E. Klein*
Buffey E. Klein
Texas Bar No. 24032515
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 999-6100
Facsimile: (214) 999-6170
Buffey.klein@huschblackwell.com

*Counsel for Sonesta RL Hotels Franchising Inc.*

9

HB: 4925-1700-0813.2

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 1, 2025, a true and correct copy of the foregoing documents was electronically filed and service via the Court's CM/ECF system on all parties that have entered an appearance and requested service in the above-referenced case.

*/s/ Buffey E. Klein*
Buffey E. Klein

10

HB: 4925-1700-0813.2