IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| RUNITONETIME, LLC, *et al.*, | Case No. 25-90191 (ARP) |
| Debtors.[1] | (Jointly Administered) |

### GAC MANAGEMENT, LP'S OBJECTION TO PROPOSED CURE COST AND RESERVATION OF RIGHTS
(Relates to Docket No. 446)

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, GAC Management, LP ("**GAC**"), a creditor and landlord contract counterparty in the above jointly administered chapter 11 cases, and files this its Objection with reservation of rights (the "**Cure Objection**") to the *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* (the "**Cure Notice**") filed by RunItOneTime, LLC and its affiliated debtors (collectively, the "**Debtors**") and in support thereof, respectfully states as follows.

### SUMMARY OF OBJECTION

1. GAC objects solely on the basis that the Debtors' proposed Potential Cure Cost (as defined below) for the GAC Lease Agreements does not provide adequate protection of future performance. GAC does not object to the sale and potential assumption and assignment of the GAC Lease Agreements (as defined below) to Maverick Gaming, LLC, provided that GAC receive the adequate assurance of future performance to which it is entitled to under the Bankruptcy Code.

---

[1] A complete list of the Debtors in the Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RunItOneTime/. The Debtors' mailing address is 12530 NE 144th Street, Kirkland, Washington 98304.

1

2. On September 17, 2025, the Debtors filed their *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [Docket No. 446] (the "**Proposed Cure Notice**") and therein attached a Contracts Schedule as Exhibit 1 (the "**Contract Assumption Schedule**"). The Contract Assumption Schedule includes four agreements (the "**GAC Lease Agreements**") with GAC and indicates the proposed cure amount for the GAC Lease Agreements is $ 47,573.66 (the "**Proposed Cure Cost**") and as listed below. *See* page 11 in Exhibit A at Doc. No. 446.

| Debtor Name | Counterparty Name | Contract Description | Potential Cure Amount |
|---|---|---|---|
| Grand Central Casino, Inc. | GAC Management, LP | Landlord Lease Agreement | $47,573.66 |
| Grand Central Casino, Inc. | GAC Management, LP | Lease Agreement | |
| Grand Central Casino, Inc. | GAC Management, LP | Current Sewer Charges | |
| Maverick Washington, LLC | GAC Management, LP | Lease Agreement | |

3. As of the date of the filing of this Cure Objection, GAC objects to the Debtors' Proposed Cure Cost of the GAC Lease Agreements as reflected in the Proposed Cure Notice. Specifically, the Debtors' Proposed Cure Cost does not satisfy the requirements of Section 365(b)(1) of the Bankruptcy Code by providing adequate assurance of future performance and Section 365(l) of the Bankruptcy Code that provides security for the performance of the debtor's obligations under the lease substantially the same as would have been required by GAC upon the initial leasing to a similar tenant. GAC also requests that the sublease Grand Central Properties Tacoma, LLC has with Puget Sound Bears, Inc. on the property be assumed and assigned along with the execution of a collateral assignment of rents in favor of GAC.

**LIMITED OBJECTION**

4. Section 365(b)(1) of the Bankruptcy Code provides that a debtor may not assume an executory contract unless at the time of assumption, the debtor "cures, or provides adequate assurance" that the debtor will promptly cure any defaults under the contract and also provides "adequate assurance of future performance" under such contract. *See* 11 U.S.C. §365(b)(1)(A), (B) and (C).

5. Section 365(f) of the Bankruptcy Code provides, in part, that a debtor may assume and assign an executory contract to which the debtor is a party provided that the debtor assumes the contract in accordance with section 365 of the Bankruptcy Code (including the cure requirement) and provides adequate assurance of future performance by the assignee. *See* 11 U.S.C. § 365(f)(2).

6. Paragraph 5 of the Lease Agreement that Grand Central Casino, Inc. has with GAC provides for the tenant's payment of the real estate taxes. The second half of the general property taxes to be paid by the tenant under the lease are scheduled to be due on October 31, 2025 in the amount of $61,033.91. The Proposed Cure Cost does not include the second half payment of the property taxes, but only includes the July 2025 unpaid rent. To the extent the GAC Lease Agreements are assumed by Maverick Gaming, LLC, GAC requests that the Proposed Cure Cost include the property taxes in the amount of $61,033.91 as adequate assurance of future performance.

7. Paragraph 10(a) of the Lease Agreement that Grand Central Casino, Inc. has with GAC provides for recovery of GAC's attorney's fees incurred in any action concerning the tenant's default in performing any obligation under the lease. To the extent GAC has incurred attorney's fees in order to defend its claim. GAC requests the Proposed Cure Cost to include GAC's reasonable and necessary attorney's fees upon the effective date of assumption and assignment.

8.     Section 365(l) of the Bankruptcy Code provides that, if an unexpired lease under which the debtor is the lessee is assigned, the lessor of the property may require a deposit or other security for the performance of the debtor's obligations under the lease substantially the same as would have been required by the landlord upon the initial leasing to a similar tenant. *See* 11 U.S.C. §365(l).

9.     Paragraph 24(l) of the Lease Agreement that Grand Central Casino, Inc. has with GAC includes a guaranty with Maverick Washington, LLC. The Lease Agreement between Maverick Washington, LLC and GAC is one of the four agreements the Debtors listed in the Contract Assumption Schedule; however, there is no proposed replacement guaranty for this agreement, only a Proposed Cure Cost that reflects the unpaid July 2025 monthly rent owed by Grand Central Casino, Inc. to GAC. GAC objects to the elimination of its guaranty, which was required by GAC upon the initial leasing of the property, and requests Maverick Gaming, LLC provide a similar guaranty, for example the guaranty of Eric Persson, to GAC as security for performance.

10.     GAC also requests that the sublease Grand Central Properties Tacoma, LLC has with Puget Sound Bears, Inc. on the property be assumed and assigned along with a collateral assignment of rents in favor of GAC.

## RESERVATION OF RIGHTS

11.     To the extent the Debtors and GAC are unable to consensually resolve the Proposed Cure Cost, GAC reserves the right to be heard regarding all assumption and cure issues.

12.     GAC expressly reserves its rights to supplement, modify, or amend this Cure Objection and make such other and further objections to the Cure Notice until a final order is entered approving the cure amount due with respect to the GAC Lease Agreements. Moreover, GAC expressly reserves its rights to further object to the assumption and assignment of its agreements.

13. The Debtors may incur additional debt to GAC under the GAC Lease Agreements from the date of the filing of this objection through the time of assumption. GAC reserves the right to amend, alter, revise, modify or otherwise supplement this Cure Objection based upon any developments in these cases and the Debtors' disclosures.

14. Nothing set forth herein shall constitute a waiver, discharge, or disallowance of any and all (a) rights, claims, causes of action, and defenses GAC has asserted, or may assert, with respect to any proofs of claim against the Debtors and (b) claims having administrative expense priority GAC may have against the Debtors.

## **PRAYER**

WHEREFORE, GAC Management LP respectfully requests that this Court enter an order that conditions the assumption and assignment of the GAC Lease Agreements on (i) the assumption and assignment of the Black Bear Diner sublease with a collateral assignment of rents; (ii) provides a guaranty pursuant to 11 U.S.C. § 365(l); and (iii) payment of all amounts owed to GAC Management, LP through the effective date of any assumption of the the GAC Lease Agreements, including but not limited to the October 31, 2025 property taxes as adequate assurance of future performance and GAC Managament, LP's reasonable and necessary attorney's fees; and (iv) granting any other relief that this Court deems just and proper.

Date: October 1, 2025.

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

*/s/ Kim Lewinski*_____
Kim Lewinski
Texas State Bar No. 24097994
1401 McKinney Street, Suite 1625
Houston, TX 77010
Telephone: (713)904-6875
Email: klewinski@dykema.com
**COUNSEL FOR GAC MANAGEMENT, LP**

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2025, a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF.

*/s/ Kim Lewinski*
Kim Lewinski