**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

```
------------------------------------------------------------- x
                                                              :
In re:                                                        :   Chapter 11
                                                              :
RUNITONETIME LLC, et al.,                                     :   Case No. 25-90191 (ARP)
                                                              :
                    Debtors.¹                                 :   (Jointly Administered)
                                                              :
------------------------------------------------------------- x
```

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER APPROVING
SETTLEMENT AGREEMENT AMONG THE DEBTORS, THE NON-DEBTOR
AFFILIATES, AND THE UNITED STATES SMALL BUSINESS ADMINISTRATION**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors in possession (collectively, the "***Debtors***") respectfully state the following in support of this motion (the "***Motion***"):

**RELIEF REQUESTED**

1.      By this motion, the Debtors seek entry of an order (the "***Proposed Order***"), substantially in the form attached hereto, (a) approving the settlement (the "***Settlement***") memorialized in the settlement agreement attached as **Exhibit 1** to the Proposed Order (the "***Settlement Agreement***") by and among Debtors Maverick Kirkland LLC, Maverick Kirkland II LLC, LLC, Maverick Lakewood LLC, NG Washington III LLC, Gold Country Operator LLC,

---

¹   A complete list of the Debtors in the Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RunItOneTime/.  The Debtors' mailing address is 12530 NE 144th Street, Kirkland, Washington 98304.

Johnny Z Casino Operator LLC, Red Garter Operator LLC, Utah Trailways Charter Bus Co., LLC, and Wendover Nugget Operator LLC (the "***Debtor Parties***"), non-Debtors MVFTWO SERIES THREE LLC, MVFTWO LLC, TROPICALSMOOTHIEAZ2 L.L.C., TROPICALSMOOTHIEAZ3 L.L.C., VERITASFAYTHE INC., and VERITASFAYTHESEVEN LLC (the "***Non-Debtor Parties***," and collectively with the Debtor Parties, the "***Plaintiffs***"), and the United States Small Business Administration (the "***SBA***," and collectively with the Plaintiffs, the "***Parties***"), and (b) granting related relief, and respectfully state as follows:

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of Texas (the "***Court***") has jurisdiction to consider this Motion under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal bases for the relief requested herein are sections 105(a) and 502 of title 11 of the Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "***Bankruptcy Code***"), rule 9019 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "***Bankruptcy Local Rules***"), and the Procedures for Complex Cases in the Southern District of Texas.

## BACKGROUND

4. On July 14, 2025 (the "***Petition Date***"), the Debtors filed voluntary petitions for relief in the Court commencing cases under chapter 11 of the Bankruptcy Code (the "***Chapter 11 Cases***"). The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

5. On July 25, 2025, the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**") [Docket No. 81]. No request for the appointment of a trustee or an examiner has been made in the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

6. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Jeff Seery in Support of Chapter 11 Petitions and First Day Relief* [Docket No. 18] (the "**First Day Declaration**"), which is incorporated herein by reference. Capitalized terms used but not otherwise defined in this Motion have the meanings given to them in the First Day Declaration.

## SETTLEMENT

7. Prior to the Petition Date, each of the Plaintiffs applied for and obtained certain Paycheck Protection Program loans (the "**PPP Loans**") pursuant to the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). Subsequently, the SBA denied forgiveness of the PPP Loans on account of Interim Final Rule 7, 85 Fed. Reg. 26324-26 (May 4, 2020).

8. On June 6, 2024, the Plaintiffs commenced an action in in the United States District Court for the District of Columbia seeking to compel forgiveness of the PPP Loans and related relief captioned *Utah Trailways Charter Bus Co. LLC et al. v. United States Small Business Administration et al.*, Case No. 1:24-cv-01659 (TNM) (the "**Pending Action**").

9. After the Petition Date, the SBA filed the following proofs of claim against the Debtor Parties: Claim No. 479 against Red Garter Operator LLC in the amount of $588,860.20; Claim No. 480 against Utah Trailways Charter Bus Co. LLC $104,272.94; Claim No. 481 against

3

Maverick Lakewood LLC $1,082,374.34; Claim No. 482 against Maverick Kirkland LLC $720,704.73; Claim No. 483 against Maverick Kirkland II LLC $1,614,839.44; Claim No. 484 against NG Washington III LLC $1,229,405.56; Claim No. 485 against Johnny Z Casino Operator LLC $460,315.12; Claim No. 486 against Gold Country Operator LLC $443,203.29; and Claim No. 491 against Debtor Wendover Nugget Operator LLC $1,624,714.73 (collectively, the "*SBA Claims*").

10.     The Plaintiffs have reached a settlement with the SBA, as memorialized in the Settlement Agreement.  By this Motion, Debtors respectfully request that the Court approve the Settlement Agreement with respect to the Debtor Parties.

11.     Under the terms of the Settlement Agreement, the SBA Claims will be resolved as follows:

- Claim No. 479 will be fixed and allowed as a general unsecured claim against Debtor Red Garter Operator LLC in the amount of $566,972.00;

- Claim No. 480 will be fixed and allowed as a general unsecured claims against Utah Trailways Charter Bus Company LLC in the amount of $89,185.49.;

- Claim No. 481 will be fixed and allowed as a general unsecured claim against Maverick Lakewood LLC in the amount of $570,370.00.;

- Claim No. 482 will be fixed and allowed as a general unsecured claim against Debtor Maverick Kirkland LLC in the amount of $511,335.00;

- Claim No. 483 against Maverick Kirkland II LLC will be disallowed;

- Claim No. 484 will be fixed and allowed as a general unsecured claim against Debtor NG Washington III LLC in the amount of $318,674.66;

- Claim No. 485 will be fixed and allowed as a general unsecured claim against Debtor Johnny Z Casino Operator LLC in the amount of $73,219.00;

- Claim No. 486 against Gold Country Operator will be disallowed; and

- Claim No. 491 against Wendover Nugget will be disallowed.

12.     Except to the extent of any of the SBA Claims allowed in accordance with paragraph 11 above, the SBA will grant forgiveness to the Non-Debtor Parties' PPP Loans.

13.     Additionally, the Plaintiffs will release all claims they may have against the SBA. The Settlement Agreement is a product of arm's-length, good faith negotiations and results in full and final satisfaction of the Pending Action.

14.     For the reasons set forth herein, the Debtors believe that the Settlement is in the best interest of the Debtors and their estates, and respectfully submit that such Settlement should be approved.

## BASIS FOR RELIEF

15.     Bankruptcy Rule 9019(a) provides, in relevant part:

> On motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee . . . and indenture trustee as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).  "To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." *Myers v. Martin* (*In re Martin*), 91 F.3d 389, 393 (3d Cir. 1996) (internal quotations omitted) (citing 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)).  Settlements are considered a "desirable and wise method[] of bringing to a close proceedings otherwise lengthy, complicated, and costly." *Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602 (5th Cir. 1980) (citations omitted) (decided under the Bankruptcy Act).

16.     Pursuant to Bankruptcy Rule 9019(a), a bankruptcy court may, after appropriate notice and a hearing, approve a compromise or settlement so long as the proposed settlement is fair, reasonable, and in the best interest of the estate. *See In re Age Ref. Inc.*, 801 F.3d 530, 540 (5th Cir. 2015).  Ultimately, approval of a compromise is within the "sound discretion" of the

5

bankruptcy court.  *United States v. AWECO, Inc.* (*In re AWECO, Inc.*), 725 F.2d 293, 298 (5th Cir. 1984); *see also Jackson Brewing Co.*, 624 F.2d at 602–03 (same).

17.    Generally, the role of the bankruptcy court is not to decide the issues in dispute when evaluating a settlement.  *Watts v. Williams*, 154 B.R. 56, 59 (S.D. Tex. 1993).  Instead, the court should determine whether the settlement as a whole is fair and equitable.  *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

18.    "Great judicial deference is given to the [debtor's] exercise of business judgment." *GBL Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd.* (*In re State Park Bldg. Grp., Ltd.*), 331 B.R. 251, 254 (Bankr. N.D. Tex. 2005) (citation omitted).  "As long as [the decision] appears to enhance a debtor's estate, court approval of a debtor-in-possession's decision . . . should only be withheld if the debtor's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code." *Richmond Leasing Co.*, 762 F.2d 1303, 1309 (5th Cir. 1985) (citation omitted).

19.    The Fifth Circuit has established the following three-factor balancing test under which bankruptcy courts are to analyze the reasonableness of proposed settlements:  (a) "[t]he probability of success in [litigating the claim subject to settlement,] with due consideration for the uncertainty in fact and law; (b) [t]he complexity and likely duration of litigation and any attendant expense, inconvenience, and delay; and (c) [a]ll other factors bearing on the wisdom of the compromise."  *Official Comm. of Unsecured Creditors v. Cajun Elec. Power Coop., Inc.* (*In re Cajun Elec. Power Coop.*), 119 F.3d 349, 356 (5th Cir.1997); *Jackson Brewing,* 624 F.2d at 602.

20.    Under the rubric of the third factor referenced above, the Fifth Circuit has specified two additional factors that bear on the decision to approve a proposed settlement.  ***First***, the court

6

should consider "the paramount interest of creditors with proper deference to their reasonable views." *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp.* (*In re Foster Mortg. Corp.*), 68 F.3d 914, 917 (5th Cir. 1995); *see also Age Ref. Inc.*, 801 F.3d at 540 (noting the *Foster Mortgage* factors). **Second**, the court should consider the "extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Age Ref. Inc.*, 801 F.3d at 540; *Foster Mortg. Corp.*, 68 F.3d at 918 (citations omitted).

21. All of the foregoing factors favor approval of the Settlement. First, the Debtors have received approval to sell substantially all their assets and are in the process of winding down their estates. The Settlement efficiently resolves the SBA Claims without further expenditures on the part of the Debtors and results in a significant decrease in the amount of the SBA Claims.

22. Second, the Settlement avoids uncertain litigation with the SBA. While the Debtors believe they have strong arguments and may ultimately prevail in this dispute, litigation is inherently uncertain.

23. Third, given the risks and costs associated with continuing the Parties' disputes, and the substantial benefits of resolving those disputes through the Settlement, the Settlement is a prudent compromise. The Settlement delivers a resolution of disputes and provides the SBA with multiple unsecured claims against various Debtors.

24. Finally, the Settlement is the product of arms-length bargaining, and not of fraud or collusion. The Plaintiffs and the SBA have expended considerable time and resources working to find a resolution acceptable to all Parties, and such negotiations have been hard fought and undertaken in good faith by all Parties.

25.     Accordingly, the Debtors submit that entering into the Settlement Agreement is a prudent exercise of the Debtors' business judgment, and that the Settlement is fair, reasonable, and in the best interests of the Debtors, their estates, and all parties in interest.

**<u>NOTICE</u>**

26.     Notice of this Motion will be given to the parties on the Debtors' Master Service List, the Non-Debtor Parties, and the SBA.  The Debtors submit that, under the circumstances, no other or further notice is required.

27.     A copy of this Motion is available on (a) the Court's website, at www.txs.uscourts.gov, and (b) the website maintained by the Debtors' Claims and Noticing Agent, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/RunItOneTime/.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated:   June 3, 2026
       Houston, Texas

Respectfully submitted,

*/s/ Timothy A. ("Tad") Davidson II*

**HUNTON ANDREWS KURTH LLP**
Timothy A. ("Tad") Davidson II (Texas Bar No. 24012503)
Ashley L. Harper (Texas Bar No. 24065272)
Philip M. Guffy (Texas Bar No. 24113705)
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone:  (713) 220-4200
Email:  taddavidson@hunton.com
       ashleyharper@hunton.com
       pguffy@hunton.com

- and -

**LATHAM & WATKINS LLP**
Jeffrey E. Bjork (admitted *pro hac vice*)
Helena G. Tseregounis (admitted *pro hac vice*)
Nicholas J. Messana (California Bar No. 332355)
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone:  (213) 485-1234
Email:  jeff.bjork@lw.com
       helena.tseregounis@lw.com
       nicholas.messana@lw.com

- and -

**LATHAM & WATKINS LLP**
Ray C. Schrock (NY Bar No. 4860631)
Andrew Sorkin (NY Bar No. 4597944)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email:  ray.schrock@lw.com
       andrew.sorkin@lw.com

*Attorneys for the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I certify that on June 3, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

/s/ Timothy A. ("Tad") Davidson II
Timothy A. ("Tad") Davidson II

10